BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, v. ROBERT DICK & SON, DEFENDANTS IN ERROR.

1. **Practice:** JOINDER OF PARTIES. At common law the general rule is, that all parties must join and be joined by their names in an action; and such is the general import of our code which provides that the precipe and petition must contain the *names* of the *parties* to an action, and their *names*, both direct and inverse, shall be entered in the index.

2. ———: ———: PARTNERSHIPS. But it is specially provided by statute that when persons use initial letters or contractions of their christian names to bills of exchange, &c., they may be designated by such initials or contractions of the christian name; and that companies not incorporated, and partnerships formed for

the purpose of carrying on any trade or business or for holding any species of property in this state, may sue and be sued in the name assumed by them.

3. ——: ——: ——: CONSTRUCTION OF STATUTE. These special provisions, being exceptions to the general rule, must be construed strictly, and the exact mode of procedure prescribed by them must be closely pursued.

ERROR to the district court for Saline county. The case is stated in the opinion.

*W. H. Morris*, for plaintiff in error.

It is the common law that a partnership, as such, cannot maintain an action as a partnership. A suit by initials, except where expressly authorized by statute, is a fatal description of the person. *Herf & Co. v. Shulze*, 10 Ohio, 264. An action can be brought in this state by a partnership as such, only by reason of a special and peculiar statute which fully sets out the special facts that must exist and the things that must be done by a party desiring to make this special permission available. Gen. Stat., 527 §§ 24, 26. When a party brings an action under a special statute, the statute must be expressly followed, and no jurisdiction is obtained unless the statute is pursued. The summons in this case was issued by the county judge in his jurisdictional capacity as a justice of the peace and is governed by the same code as that that relates to justices of the peace. A summons issued by a justice of the peace in the name of a partnership, without any further description or designation, is a nullity.

When a proceeding is expressly directed to be taken by statute its omission amounts to a nullity. McNamara on Nullities, p. 20. *Mortimer v. Pigott*, 2 Dowling, 616. *Garratt v. Hoopor*, 1 Dowling, 28. *Thompson v. Sisson*, 5 Cent. Law Journal, 215. An irregularity may

be waived; a nullity never can be.   McNamara on Nullities, p. 21.   *Holmes v. Russell*, 9 Dowling, 487, and cases cited.   There is no more power even by appearance, to confer jurisdiction on the court in case of a partnership suing solely as such, without following the statute strictly, than there would be to confer jurisdiction, by consent, where the plaintiff was notoriously, and appeared in the record, as an insane person, an idiot, or an infant.   The court by law can gain no jurisdiction, and no appearance or consent of parties can confer it. *Miller v. Post*, 1 Allen, 434.

GANTT, CH. J.

This action was commenced before the county judge, "exercising the ordinary powers and jurisdiction of a justice of the peace," by defendants in error against plaintiff in error, for the possession of certain personal property and for damages for the detention thereof.   The property was replevied and delivered to defendants in error.   The plaintiff in error appeared specially and excepted to the jurisdiction of the judge for want of proper parties, but the exceptions were overruled, and the judge found for the defendants in error and entered judgment accordingly, and for damages in excess of the appraised value of the goods.

The bill of exceptions found in the record must be laid aside, because it was not authorized by law.   *Taylor v. Tilden*, 3 Neb., 340.   The only question we can consider is, whether the action will lie in the firm name only of the defendants in error.

It is well understood that, at the common law, in an action brought by partners, all the members of the firm must be made plaintiffs.   The omission of the name of any partner as plaintiff may be taken advantage of at the trial under the general issue; or if it appear on the face

of the pleadings, it is fatal on demurrer, or on a motion in arrest of judgment, or on error. It has always been the rule at law, that all the parties in interest must join and be joined by their proper names, in an action or suit, and such is the general import of our code, for it provides generally that the precipe and petition must contain the *names* of the *parties* to the action, and their *names*, both direct and inverse, shall be entered in an index. §§ 63, 92, 322, and 1088. And the only exceptions to this general rule are : *first*, by section 23, it is specially provided that in actions upon bills of exchange, promissory notes, or other instruments, whenever any of the parties are designated by the initial letter or letters or contraction of the christian name, such persons may be designated by the name, initial letter or letters or contraction of the christian name; and section 24 specially provides that any company not incorporated, or partnership formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, may sue and be sued by the name such partnership may have assumed to itself, or be known by ; section 25 provides the mode of process in such cases, and section 26 specially provides that when any such company shall sue in its partnership name it shall give security for costs. And under section 1085 the "provisions of the code, which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace."

This seems pretty clearly to bring within the jurisdiction of justices of the peace, the form of actions specially provided for in sections 23, 24, 25, and 26 of the code. But this mode of bringing an action by a partnership being unknown at the common law, and different from the general import of the statutes in respect of parties to an action, these special provisions must be strictly con-

strued, and the exact mode of procedure required of partners must be closely pursued. *Lease v. Vance*, 28 Iowa, 509. *Bailey v. Bryan*, 3 Jones, L., 357.

The partnership may assume to itself any fictitious name and sue by such name, and no person be responsible for costs, in case the cause should be adjudged in favor of the defendant ; the *real parties suing* are unknown to the defendant and to the court, and therefore the law wisely declares that the company *shall* procure some responsible resident of the county as security for costs. This is an essential prerequisite to the maintenance of the action, and it is but a reasonable and just condition precedent in an action where the plaintiffs are unknown and their action is brought in an assumed name.

Another requisite is that it must appear that the company is formed to carry on some trade or business, or to hold some species of property in this state, and is not incorporated. In the case at bar, it appears from the record that the requirements of the special provisions were not complied with ; and therefore the judgment of the district court, and also the judgment of the county judge must each be reversed and the cause remanded, with leave to defendants in error to amend and to give surety for costs upon payment of all costs which have accrued since the filing of the motion to dismiss for want of jurisdiction.

JUDGMENT ACCORDINGLY.