SANBORN & FOLLETT, PLAINTIFFS IN ERROR, v. D. A. HALE, DEFENDANT IN ERROR.

1. Petition: DEMURRER. An objection that the plaintiffs have not legal capacity to sue must be made on that ground, and cannot be taken by a general demurrer that the petition does not state facts sufficient to constitute a cause of action.

2. ——: ——. An action was commenced by S. & F., in the firm name, and afterwards an amended petition was filed in the individual names of the partners. *Held*, on demurrer to the amended petition that the court would not look beyond the pleading demurred to.

3. ——: SUFFICIENCY. Indorsement by officers of a corporation, taken in connection with the allegation that there was due from the defendant to the plaintiffs the sum of $250.00, etc. *Held*, sufficient.

ERROR to the district court for Madison county. Heard below before BARNES, J. The opinion states the case.

*George B. Fletcher*, for plaintiff in error, cited sec. 129, Civil Code. Swan's Pleadings, 181. *Ohio Life Insurance Co. v. Goodwin*, 1 Handy, 31. *Memphis v. Newton*, 2 Handy, 165.

*Byron Millett*, for defendant in error, cited *B. & M. R. R. v. Dick & Son*, 7 Neb., 242. Bliss on Code Pleading, sections 232, 233, 306, 307.

MAXWELL, J.

The plaintiffs in the firm name brought an action against the defendants, in the district court of Madison

county, to recover the sum of $250.00, interest and costs, upon a promissory note. Afterwards they filed an amended petition, to which the defendant demurred, upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed. The following is a copy of the petition:

"Amended petition in the district court of Madison county, Nebraska.

Luther C. Sanborn and Judson L. Follett, doing business at Sioux City, state of Iowa, under the firm name and style of Sanborn & Follett, plaintiffs, against D. A. Hale, defendant.

The plaintiffs say: 1st. This, their action, is founded upon a promissory note, of which the following is a copy:

$250.00. Madison county, Neb., June 27th, 1874. For value received, we jointly and severally promise to pay to the Madison County Joint Stock Company, or order, the sum of two hundred and fifty dollars, as follows: $75.00 on or before the 15th day of October, 1874, and $25.00 every ninety days thereafter, until the full amount is paid.

D. A. HALE.

On the back of the note is the following indorsement thereon, to-wit:

Pay Sanborn & Follett, or order, without recourse.

J. B. GIBBS, <em>President.</em>

J. D. HOOVER, <em>Secretary,</em>

<em>Madison County Joint Stock Co.</em>

2d. There are no credits thereon.

3d. The defendant, D. A. Hale, is liable as maker on said note.

4th. There is due from the defendant to the plaintiff on said note the sum of two hundred and fifty dollars, which they claim, with ten per cent. interest on $75.00

thereof, from October 15th, A. D., 1874; with ten per cent. interest on $25.00 thereof, from January 15th, A. D., 1875; with ten per cent. interest on $25.00 thereof, from the 15th day of April, A. D., 1875; with ten per cent. interest on $25.00 thereof, from the 15th day of July, A. D., 1875; with ten per cent. interest on $25.00 thereof, from the 15th day of October, A. D., 1875; with ten per cent. interest on $25.00 thereof, from January 15th, A. D., 1876; with ten per cent. interest on $25.00 thereof, from April 15th, A. D., 1876; and with ten per cent. interest on $25.00 thereof, from July 15th, A. D., 1876, and for which they ask judgment.

GEO. B. FLETCHER,
*Attorney for Plaintiffs.*"

The defendant contends that the plaintiffs being partners, and suing as such, had no standing in court, as their petition does not show that the partnership was formed for the purpose of carrying on business in this state. Even if the action was brought in the firm name the objection could not be reached by a general demurrer. Objection to the legal capacity of the plaintiffs to sue, must be made under the second subdivision of section 94, of the civil code, and not under the sixth. That is, the objection should have been taken by demurrer as not showing that the plaintiffs had a legal title to the character in which they sue, and not being thus taken, is waived. Bliss on Code Pl., sec's 407–408. [Comp. Stat., 543.]

In the amended petition, however, the action is brought in the individual names of the partners, and this is sufficient, as the court will not examine the original petition.

In *Null v. Jones*, 5 Neb., 502, this court say: "In deciding whether the demurrer should be sustained, we cannot look beyond the pleading against which it is directed."

Objection is made to the form of the indorsement, as being made by the president and secretary of the Madison

County Joint Stock Company. This, taken in connection with the allegation that " there is due from the defendant to the plaintiffs on said note the sum of $250.00," etc., is sufficient to show a cause of action in favor of the plaintiffs.

Under the liberal rules of construction established by the code, there is no doubt that the petition states a cause of action.

The judgment of the district court is reversed, and the cause remanded for further proceedings.