## HENRY T. CHURCH v. D. R. CALLIHAN & COMPANY.

FILED NOVEMBER 5, 1896. No. 6862.

1. **Record for Review:** JOURNAL ENTRIES. In the record presented to this court appeared a copy of a journal entry in which was set forth the overruling of a demurrer by the trial court and that the demurrant failed to plead or answer further, but elected to stand on the demurrer. *Held,* That such recitals must be taken by this court as true statements of what occurred in the trial court.

2. **Actions:** NAME OF FIRM. The provisions of section 24 of the Code of Civil Procedure in relation to the institution of an action in the name of a firm are special in their character, to be strictly construed, and the prescribed mode of procedure must be closely followed.

3. **Partnership:** PLEADING. If, in an action commenced by a partnership in the firm name, there is no statement in the petition that it was "formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state," the pleading is open to attack by demurrer on the second ground assigned by section 94 of the Code, viz., "That the plaintiff has not legal capacity to sue."

4. **Conversion:** PLEADING: NAMES: NOTES: CHATTEL MORTGAGES. The action herein was one of conversion to recover the value of property, of which it was alleged the firm had a special ownership by virtue of a chattel mortgage. Neither the mortgage nor a copy thereof was attached to or appeared in the petition, but if it had been pleaded that the mortgage was executed to the partnership by its firm name, it would not have constituted it such an action as is contemplated by section 23 of our Code, which is as follows: "In all actions upon bills of exchange or promissory notes or other written instruments, whenever any of the parties thereto are

designated by the initial letter or letters or some contraction of the Christian or first name or names, it shall be sufficient to designate such person by the name, initial letter or letters, or contraction of the first name or names, instead of stating the Christian or first name or names in full."

ERROR from the district court of Frontier county. Tried below before WELTY, J.

*W. S. Morlan,* for plaintiff in error.

*J. L. White, contra.*

HARRISON, J.

This action was instituted against the plaintiff in error in the district court of Frontier county, defendant in error being designated therein as D. R. Callihan & Co., with no statement that it was formed for the purpose of carrying on or doing any business or holding any species of property in this state, or pleading the names of the individual members of the partnership. That the defendant in error was a partnership appears from the verification to the petition filed, as follows: "D. R. Callihan, being one of the members of the firm plaintiff, says that he has read the foregoing petition; that the matters therein set forth are true as he verily believes." To the petition the plaintiff in error interposed a demurrer as follows: "The defendant demurs to the plaintiff's petition for the following reasons: First—The plaintiff has no legal capacity to sue. Second—There is a defect of parties plaintiff. Third —The petition does not state facts sufficient to constitute a cause of action;" which was overruled and judgment rendered for defendant in error. To obtain a review of the action of the trial court the case is presented to this tribunal.

Counsel for defendant in error states that when the demurrer was heard and overruled in the district court plaintiff in error was allowed thirty days in which to answer; that this was a waiver of the right to further

insist on the objections to the petition raised by the demurrer. The record as filed in this court, on the subject of the hearing and ruling on the demurrer, etc., is as follows:

"Afterwards, to-wit, on the 6th day of November, 1893, this case came on for hearing on the petition of the plaintiff, and the defendant's demurrer thereto; on consideration whereof the court doth overrule said demurrer, to which ruling of the court the defendant excepts.

"And afterwards, to-wit, on the 5th day of March, 1894, the defendant having failed to plead further or answer in said case, and the defendant not desiring to plead further in said case, but electing to stand on said demurrer, the plaintiff demanded judgment," etc.

In our considerations of the questions discussed we must be governed, as to what occurred in the trial court, by the statements contained in the journal entry which we have just quoted. One ground of the demurrer herein was that the plaintiff, defendant in error, had no legal capacity to sue. Section 24 of our Code of Civil Procedure, reads as follows: "Any company or association of persons, formed for the purpose of carrying on any trade or business or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or to be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company." In respect to the provisions of the foregoing section it has been said: "But this mode of bringing an action by a partnership being unknown at the common law, and different from the general import of the statutes in respect to parties to an action, these special provisions must be strictly construed, and the exact mode of procedure required of partners must be closely pursued. (*Lease v. Vance*, 28 Ia., 509; *Bailey v. Bryan*, 3 Jones' Law, 357.) * * * Another requisite is that it must appear that

the company is formed to carry on some trade or business, or to hold some species of property in this state, and is not incorporated." (*Burlington & M. R. R. Co. v. Dick*, 7 Neb., 242.) The requirements of the Code of Civil Procedure were not fulfilled in the pleading under consideration, hence it was insufficient. The objection to the petition was properly raised by the paragraph of the demurrer in which it was set forth that the petition did not show that the plaintiff, defendant in error, had the legal capacity to sue. (*Sanborn v. Hale*, 12 Neb., 318, citing Bliss, Code Pleading, secs. 407, 408; *Haskins v. Alcott*, 13 O. St., 210.)

The action is one to recover against the plaintiff in error for an alleged conversion of certain personal property in which it was alleged in the petition that defendant in error had a special ownership by virtue of a chattel mortgage executed and delivered to him by a person named in the pleading, other than the plaintiff in error. Counsel for defendant in error urges that inasmuch as its alleged ownership of the property was based upon the chattel mortgage, a written instrument, the case was within the provisions of section 23 of the Code, in which it is stated: "In all actions upon bills of exchange or promissory notes, or other written instruments, whenever any of the parties thereto are designated by the initial letter or letters or some contraction of the Christian or first name or names, it shall be sufficient to designate such person by the name, initial letter or letters, or contraction of the Christian or first name or names, instead of stating the Christian or first name or names in full." This section was under consideration in the case of *Burlington & M. R. R. Co. v. Dick, supra*, and it was held to be a special provision—an exception to the general rule—and to be strictly construed. The section, if read and strictly construed, cannot be said to authorize a partnership to commence an action in the firm name, without further allegation, merely because the action is based upon a written instrument executed to it in its partnership appellation. Moreover, the action of defendant in

39

error was predicated upon the alleged conversion of the property by plaintiff in error, and that its alleged ownership was evidenced by a written instrument in which it may have been referred to by its firm name would not alone authorize the commencement of the action in such firm name. The district court erred in overruling the demurrer and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.