MORRIS MEYER v. OMAHA FURNITURE & CARPET COMPANY.

FILED APRIL 18, 1906. No. 14,270.

1. **Replevin: PARTIES: SUBSTITUTION.** In a replevin suit, where the plaintiff has taken the property, it is error to permit a stranger to be substituted for the original plaintiff. *Flanders v. Lyon & Healy*, 51 Neb. 102, followed and approved.

2. **Statute: CONSTRUCTION.** The provisions of section 24 of the code are special in their character, to be strictly construed, and the prescribed mode of procedure must be closely followed. *Church v. Callihan & Co.*, 49 Neb. 542, followed and approved.

3. **Petition: CAPACITY TO SUE: DEMURRER.** An objection to a petition in which the requirements of section 24 of the code are not strictly followed, in alleging plaintiff's capacity to sue, can be raised by a demurrer which sets forth that the petition fails to show that plaintiff has the legal capacity to sue.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*W. S. Shoemaker,* for plaintiff in error.

*G. W. Shields, contra.*

OLDHAM, C.

This was an action in replevin instituted by the Omaha Furniture & Carpet Company against Morris Meyer and others before a justice of the peace in Douglas county, Nebraska. The affidavit alleged that the plaintiff was the owner and entitled to immediate possession of certain chattels by virtue of a lease executed by one of the defendants, Mrs. J. C. McCandless. The writ was issued under this affidavit, and the property was taken and turned over to the Omaha Furniture & Carpet Company as provided by law. But one of the defendants, Morris Meyer, appeared before the magistrate. This defendant claimed a special property in the chattels replevied, under a mortgage executed to him by Mrs. McCandless. At the trial in the magistrate's court, it was shown by the testimony of Henry J. Abrahams that there was no corporation, partnership, or associations of persons doing business in the state of Nebraska under the name and style of Omaha Furniture & Carpet Company, and that the business was owned and controlled by Henry J. Abrahams. Plaintiff's attorney asked to have Abrahams made a party to the action. This request was denied by the magistrate, and judgment was rendered in favor of the defendant Meyer for the amount of his special property in the chattels replevied. An appeal was taken from this judgment by the Omaha Furniture & Carpet Company to the district court, where plaintiff filed a petition in which it alleged that plaintiff "is an unincorporated institution wherein Henry J. Abrahams is the proprietor, doing business under the said name of Omaha Furniture & Carpet Company," and that "the plaintiff is the owner of the following described

goods and chattels, to wit," (describing the goods replevied in the justice's court). The petition then set out the lease and the breach of the conditions thereof, under which the plaintiff claims title and the right to immediate possession of the goods replevied. Defendant filed a motion to strike this petition from the files, because it shows on its face that plaintiff was not the real party in interest. On this motion being overruled, defendant was given leave to demur instanter, and he did so, alleging as grounds for demurrer that plaintiff had no legal capacity to sue; that the petition showed upon its face that it was not prosecuted in the name of the real party in interest, and that the petition failed to state a cause of action against the defendant. This demurrer was overruled, and a judgment entered in favor of the plaintiff. To reverse this judgment defendant brings error to this court.

There is nothing in the affidavit on which the writ of replevin was issued to show that Abrahams was in anywise connected with the Omaha Furniture & Carpet Company, and it was held by this court, in the well-considered case of *Flanders v. Lyon & Healey,* 51 Neb. 102, that "in a replevin suit, where the plaintiff has taken the property, it is error to permit a stranger to be substituted for the original plaintiff over defendant's objection." When the cause was removed by appeal to the district court, plaintiff did not ask leave to substitute Abrahams as the plaintiff in the cause of action, but, on the contrary, filed a petition in which he plainly attempted to state facts sufficient to show the authority of the Omaha Furniture & Carpet Company to maintain the action in its own name. The allegations with reference to the business and organization of the company have already been set out and the question is whether or not these allegations, taken as true, are sufficient to show its right to maintain this action. The right of the plaintiff to amend his petition to correct any error in his pleadings or process is not questioned, but whether or not the amendment, when made, was sufficient to show plaintiff's right to maintain the action is the vital question.

Section 24 of the code provides as follows: "Any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company." This section of the statute has been interpreted by this court, and we have held that its provisions are special in their character, to be strictly construed, and the prescribed mode of procedure must be closely followed. *Church v. Callihan & Co.*, 49 Neb. 542. *Burlington & M. R. R. Co. v. Dick & Son*, 7 Neb. 242. We have also held that an objection to a petition in which the requirements of this section were not strictly followed, in alleging the capacity to sue, might be raised by a demurrer, which sets forth that the petition did not show that the plaintiff had the legal capacity to sue. *Sanborn & Follett v. Hale*, 12 Neb. 318. Now, it is plain from a reading of the petition that it does not follow the requirements of section 24 of the code, in that it does not allege that plaintiff is a company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state. We are therefore of opinion that the court erred in overruling defendant's demurrer, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.