# VICTOR M. BLOOM v. AMERICAN EXPRESS COMPANY.[1]

June 28, 1946.

No. 34,225.

[1]Reported in 23 N. W. (2d) 570.

*Fred Sorenson,* for appellant.

*Morgan, Chase, Headley & Hoshour* and *Samuel H. Morgan,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order granting his adversary's motion to set aside the service of summons. His cause of action has for its object the recovery of overtime wages under the Fair Labor Standards Act of 1938. 29 USCA, § 201, *et seq.* The services so rendered consisted of acting as defendant's tour escort between Chicago and various cities and places in the Republic of Mexico between December 28, 1941, and June 1, 1942.

Defendant is an unincorporated joint-stock association organized under the common law of New York. It has conducted its business in Minnesota for more than 30 years. Its business consists of conducting travel tours for groups of persons both here and abroad, issuing and selling travelers' checks and letters of credit, and acting as agent for shippers and consignees commonly known as "foreign freight forwarders."

Defendant's principal office in this state is in Minneapolis, and during the time here involved, in fact ever since 1927, that office has been and was in charge of one James E. Beard, who is its principal agent in this state and possessed of the powers and authority of a general agent. None of defendant's members are residents of Minnesota, nor are any of its officers domiciled here. The only issue presented is whether the court erred in holding that jurisdiction had not been acquired, since service was not made upon any member or officer of defendant, and that service upon Mr. Beard was not authorized by our law, Minn. St. 1941, § 540.15 (Mason St. 1927, § 9180), which reads:

"When two or more persons transact business as associates and under a common name, whether such name comprise the names of such persons or not, they may be sued by such common name, and *the summons may be served on one or more of them.* The judgment in such case shall bind the joint property of all the associates, the same as though all had been named as defendants." (Italics supplied.)

Under the common law, an unincorporated association was not recognized as a legal entity and, as such, could neither sue nor be sued. Starting with this background, we find that the act cited goes back to G. S. 1866, c. 66, § 37. While the language there used is slightly different from that of the present statute, the substance is the same now as it was then. Furthermore, in G. S. 1878, c. 66, § 42, we find the statute practically in its present form, and it has so remained ever since. By L. 1901, c. 278, it was provided:

"Whenever a cause of action exists or has accrued in favor of a resident of this state against any non-resident, individual, association or copartnership engaged in business in this state, by reason of said business so conducted in this state, service of the summons" could be made by delivering a copy thereof to the "manager, superintendent, representative, foreman or agent while he is in actual charge of the business out of which said cause of action accrued, * * * and such service so made shall be due and sufficient service upon any such individual, association or copartnership."

The constitutionality of this act was attacked in Cabanne v. Graf, 87 Minn. 510, 92 N. W. 461, 59 L. R. A. 735, 94 A. S. R. 722. There the trial court had sustained the service upon a nonresident individual defendant, and the question directly presented and decided was disposed of as follows: This court, relying upon Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565, considered that case (87 Minn. 513, 92 N. W. 462) —

"the leading authority in support of the now well-settled proposition that, * * * no state can authorize its courts to compel a

citizen of another state remaining therein to come before them and submit to their decision a mere claim upon him for a money demand, no matter what the prescribed mode of service of process against him may be. An attempt to do so is not due process of law." (Citing cases.)

The act was held to be unconstitutional as to that defendant. But we did not thereby declare the entire statute to be unconstitutional. Instead, we said this (87 Minn. 512, 92 N. W. 461):

"* * * Whether the statute is valid as applied to associations or copartnerships, which are quasi legal entities, to the extent of binding their property, but not that of the individuals of which they are composed, we do not consider or decide, for this is not such a case, but one against an individual."

See, Henry L. Doherty & Co. v. Goodman, 294 U. S. 623, 55 S. Ct. 553, 79 L. ed. 1097.

However, by R. L. 1905, § 5544, L. 1901, c. 278, was expressly repealed. No legislative substitution has since been made.

The rule has long been established that in the absence of an enabling statute an unincorporated association cannot sue or be sued in the association's name, the reason being that such an association, absent a statute recognizing it to be such, has no legal entity distinct from that of its members. That was so determined in St. Paul Typothetae v. St. Paul Bookbinders' Union, 94 Minn. 351, 357, 102 N. W. 725, 726, 3 Ann. Cas. 695, where we held:

"But whatever may be the law applicable to such associations generally, there is one respect in which the authorities are agreed, and that is that at common law they are not, whether organized for business or other purposes, entitled to recognition in the courts in their association name. It is well settled that, in the absence of a statute otherwise providing, to be entitled to conduct judicial proceedings in court, a party litigant must be either a natural or artificial person. * * * such societies cannot maintain an action in their association name, but must sue in the name of the individuals composing them, however numerous they may be. Such so-

cieties, in the absence of statutes recognizing them, have no legal entity distinct from that of their members." (Citing cases.)

In addition to these, reference may be had to Allis-Chalmers Co. v. Iron Molders' Union (C. C.) 150 F. 155, 184; Jardine v. Superior Court, 213 Cal. 301, 307, 2 P. (2d) 756, 758-759, 79 A. L. R. 291; 4 Am. Jur., Associations and Clubs, § 46, and cases cited; 79 A. L. R. 291, and annotation, p. 305, et seq.

It is also a recognized rule that where statutes specify the person upon whom service of process is to be made in an action against an association such as this defendant there must be compliance with such statutory provisions. As stated in 7 C. J. S., Associations, § 36, p. 94, under *Effect of Statutory Provisions:*

"Statutes which change the common-law rule as to parties defendant in actions against unincorporated societies by authorizing suits against certain officers thereof, or against the society by its name, usually prescribe the persons upon whom service shall be had, and where the statute prescribes the person or persons upon whom service should be made, such provision is mandatory."

Cf. Church v. D. R. Callihan & Co. 49 Neb. 542, 68 N. W. 932; Meyer v. Omaha Furniture & Carpet Co. 76 Neb. 405, 107 N. W. 767. Decisions in most jurisdictions apply a strict construction to statutes in derogation of the common law. 50 Am. Jur., Statutes, §§ 424 and 425. Under § 424, note 11, we find that this court has gone along with that rule. Cf. State ex rel. City of Minneapolis v. St. P. M. & M. Ry. Co. 98 Minn. 380, 396, 397, 108 N. W. 261, 266, 28 L.R.A. (N.S.) 298, 120 A. S. R. 581, 8 Ann. Cas. 1047 (affirmed, 214 U. S. 497, 29 S. Ct. 698, 53 L. ed. 1060). True, in Teders v. Rothermel, 205 Minn. 470, 472, 286 N. W. 353, 354, we held that the statute there involved should be given "a fair construction, with the purpose of its enactment in view, not narrowed or restricted because it is a substitute for the discarded common law." Nevertheless, we should also be mindful that—

"Long established and valuable remedies are abrogated by statute only by 'specific enactment or necessary implication.' [Citing

cases.] It is a rule to be applied cautiously but nevertheless unfalteringly whenever valuable rights themselves need protection, that a statute in derogation of a well established and salutary principle of the common law, or of equity, will not be extended by construction 'beyond its most obvious import.' Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89. 'Statutes are enacted * * * with regard to the existing principles of the common law and of equitable jurisprudence, and should be so construed as to harmonize with the existing body of law, unless the intention to change or repeal it is apparent.' " (Citing authorities.) State Bank v. Sylte, 162 Minn. 72, 75, 202 N. W. 70, 71.

We think our present case is one for the application of the rule stated in the Sylte case. The legislature has not, within the 68 years since this statute in its present form was enacted, expressly, or at all, provided a means of service of process upon foreign associations other than as provided by the act. It operates uniformly upon all associations of this kind. Where there are no members of the association within the confines of this state, jurisdiction is not available in this kind of action upon an agent, since the act provides for *personal service upon one or more of its members*. To hold that service of process upon an agent of a foreign association doing business for it here, where such association is not a common carrier or an express company (as to both of which other appropriate means for acquiring jurisdiction are provided by our laws) shall constitute valid service of process, would in effect be reading into our act provisions which are neither by (162 Minn. 75, 202 N. W. 71) "specific enactment" included therein nor capable of inclusion of "necessary implication." Such construction would clearly be "beyond its most obvious import." · Cf. Great A. & P. Tea Co. v. Ervin (D. C.) 23 F. Supp. 70, 79, where the court in construing our unfair trade practices act said:

"* * * we can only take the legislative intent to be as expressed in the act, and are without power, by construction or otherwise, to amend the plain language which the Legislature has employed."

So, also, in City Co. of New York, Inc. v. Stern (8 Cir.) 110 F. (2d) 601, 604, where our statute of limitations came into play, the court said:

"* * * Had the Minnesota legislature intended to make non-amenability to service the test of the tolling of limitations it could easily have done so. Some states have added such an exception. * * * But unless authority may be found in some controlling Minnesota decision we have no power to read into the unambiguous language of the statute an unexpressed intent of the legislature. If the statute seems to operate inconsistently with its probable intent the power to amend it is in the Minnesota legislature and not in a federal court."

Among our other cases bearing upon this phase, Gale v. Townsend, 45 Minn. 357, 358, 47 N. W. 1064, 1065; Dimond v. Minnesota Sav. Bank, 70 Minn. 298, 300, 73 N. W. 182, 183; and Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. (2d) 800, persuasively show that statutory directions as to the manner of service of process shall be complied with in order that jurisdiction of the individual defendant may be had.

Plaintiff thinks State ex rel. Railroad and Warehouse Comm. v. Adams Express Co. 66 Minn. 271, 68 N. W. 1085, 38 L. R. A. 225, sustains his position. In this he is in error. In that case the defendant was doing business in this state as a common carrier, and, as such, was required to print and to file copies of its rates and schedules with the commission for public inspection. The court in that case directed the manner of service pursuant to statutory authority, saying (66 Minn. 273, 68 N. W. 1085):

"* * * that whenever a common carrier refuses or neglects to obey any lawful order or requirement of the commission, made under the provisions of the statute under which it acts, an application may be made to the court, alleging such disobedience, and the court is given power to hear and determine the matter on short notice to the carrier; such notice to be served on the carrier, his or its officers, agents, or servants, in such manner as the court shall direct.

"That the regulation of the business conducted by common carriers is one over which the legislature has full power to act, and that ample authority can by law be conferred upon the railroad and warehouse commission to call on any carrier doing business within our borders, whether a natural or artificial person, resident or nonresident, for such information as is absolutely essential for the proper conduct of the carrier and the protection of the public, ought not to be questioned."

Plaintiff "concedes there are decisions in Minnesota which hold that the summons must be served upon a member to acquire jurisdiction of partnerships and that the due process clause of the federal and state constitutions is not satisfied by service of process upon a managing or general agent"; also, that he has *"no quarrel with that rule, where it is shown that the association is of a local character, and members reside within the state."* (Italics supplied.) What he wants from us is that we should so construe the act as to make the law fit his particular purpose. Of course we cannot grant what he wants. His plea might well be made to the legislature, but he should know better than to ask us to do the job. As we have shown, this statute has withstood the test of time without change by the legislature, the department of government which has the constitutional authority to enact laws and to change them. This court has carefully refrained from enlarging or limiting the plain provisions of the act. Minn. Const. art. 6, § 14, provides: "Legal pleadings and proceedings in the courts of this State shall be under the direction of the legislature." Under that provision, there can be no doubt that as to procedure the legislature must first act to create the necessary statutory directives. No other department of our government has such power. A constitutional grant of power to one of the three departments of government, and thereby so designated, "is a denial to the others." 1 Dunnell, Dig. & Supp. § 1587, and cases cited. The rule against encroachment has been reiterated in numerous cases. We shall cite only a few, among which are Western Railroad Co. v. De Graff, 27 Minn. 1, 6 N. W. 341; Rhodes v. Walsh, 55 Minn. 542, 547, 57 N. W. 212,

23 L. R. A. 632; State v. G. N. Ry. Co. 100 Minn. 445, 476, 111 N. W. 289, 293, 10 L.R.A.(N.S.) 250.

Lastly, plaintiff asserts that, in any event, defendant is an express company and, as such, under § 543.09 (§ 9232) was properly served, since copy of the summons was served upon its agent. The difficulty with this contention is that defendant is not an express company within the definition of the act concerning such enterprises. The state tax authorities have so treated defendant. Thus, we find that in 1924 defendant made application for cancellation of gross earnings taxes for the previous year charged against it as an express company. The tax commission, after submitting the matter to the attorney general's office for advice and direction, held that defendant was not at any time during 1923, and since 1918 has not (Respondent's Brief, pp. 25-30), "Engaged in the business of conveying to, from or through this state or any part thereof, money, packages, gold, silver plate, or other articles, by express," and therefore was not an express company within the provisions of the gross earnings tax act applicable to such organizations. As a consequence, the tax was abated, and since then no further effort has been made so to tax its activities.

Since jurisdiction is conferred on a court by the sovereign which creates it, reference must necessarily be made to the law of such sovereign to determine whether a specified court has power to entertain any particular type of case. 3 Beale, Conflict of Laws, § 586.1. The same author, in § 589.1, correctly states:

"The proper method for service of process is determined by the law of the forum. 'Each state has the right to prescribe by law how its citizens shall be brought into its courts.' "

We are of the opinion, and so hold, that the trial court properly granted defendant's motion to set aside service of summons upon it.

Order affirmed.