**W. E. WINN, Plaintiff,**

v.

**SKI CLUB OF the ASSOCIATION OF FELLOWS OF the MAYO FOUNDA-TION, an association, also known as "Association of Fellows Ski Club," "Ski Club," "Association of Fellows-Mayo Foundation Ski Club," "Fellows Ski Club," and "Mayo Association Ski Club" and "Fellows Association Ski Club" and The Association of Fellows of the Mayo Foundation, an association, Defendants.**

Civ. No. 1–61–186.

United States District Court
D. Minnesota,
First Division.

Aug. 8, 1962.

Plunkett & Peterson, Winona, Minn., for plaintiff.

Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn., for defendants.

DONOVAN, District Judge.

This diversity action by plaintiff against defendants, an unincorporated

association,[1] was tried to the court and jury at the April 1962 General Term of Court in St. Paul, Minnesota. The action sounded in tort and plaintiff claimed damages for personal injuries sustained, together with expense incidental thereto.

The jury returned a verdict for plaintiff in the sum of $11,000.00. Defendants moved to vacate the verdict and for entry of judgment in favor of defendants, or, in the alternative, for a new trial on the following grounds:

1. The verdict is not supported by legally sufficient evidence;

2. The verdict is against the clear weight of the evidence;

3. The verdict is excessive;

4. There was judicial error occurring at the trial.

For convenience, defendants will be referred to collectively as the Club.

The facts at trial disclose that plaintiff (medical doctor) was a member of the Club during 1953–1956. He had completed his fellowship under the auspices of the Mayo Foundation some time prior to December 24, 1956. He was an experienced devotee of the sport of skiing. He participated in skiing since 1946 at various times in Massachusetts, Wisconsin, Minnesota, California, Colorado, Utah and Switzerland, averaging about twenty-one days of skiing each of the years up to the accident met with in the instant case.

Following completion of his fellowship with the Mayo Clinic, he became disassociated with the Club, which is made up of fellows and members of said clinic, together with "a handful of outsiders."

Plaintiff testified that it was common practice for members of the Club "to bring dates and guests" to the ski hill here involved and owned by Dr. Charles Mayo.

Plaintiff returned to Rochester, Minnesota, about December 12, 1956, and, while there, on or about December 24, 1956, the president of the Club extended to plaintiff the courtesy of the skiing facilities, including said hill and a mechanical device termed a tow made up of a rope moving continuously from the base to the top of the hill and back to the base by use of a drum and necessary driving power.[2] The tow is common to this sort of skiing. It was installed and in use while plaintiff was a member of the Club.

While using the tow on December 24, 1956 (the rope keeps turning during continuity of movement from base to top and return), plaintiff's clothes and body became caught in such a manner that the safety device, which is intended to short circuit the electrical power and stop further progress of the tow, did not function according to testimony of plaintiff, and he met with the personal injuries here sued for and which he attributed to defendants' negligence.

Defendants' testimony contradicts plaintiff's in the foregoing respects. Defendants contend plaintiff's accident and resulting damage were due to his contributory negligence and further that he is in the anomalous position of a plaintiff suing himself for the reason that plaintiff and defendants were, prior to the accident, engaged in a joint enterprise.

The substantive law of Minnesota controls disposition of the instant case.[3] Resort to controlling law discloses that the elements necessary for a finding of joint adventure are (a) contribution of time, skill or money to the enterprise; (b) a proprietary interest and right of mutual control; (c) a sharing of benefits; (d) contract (express or implied) indicative of joint enterprise,[4] or to phrase it in the words of the Minnesota

1. M.S.A. § 540.151; Bloom v. American Express Co., 222 Minn. 249, 23 N.W. 2d 570.

2. See exhibits 1, 1–A, 6, 7, 8 and 9, which illustrate the tow from the time the user takes a hold on the rope to the point where the injuries were sustained.

3. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Wood v. Gas Service Company, 8 Cir., 245 F.2d 653.

4. Tate v. Knox, D.C.Minn., 131 F.Supp. 514, 517.

Court "[The] two elements * * * required * * * to establish joint enterprise, [are] (1) a mutual undertaking for a common purpose, and (2) a right to some voice in the direction and control of the means used to carry out the common purpose."[5]

 The question as to the existence or nonexistence of a joint enterprise at the time of the accident in the present case is one of fact for the jury. The test to be applied is the same as that used in determining the existence of a partnership.[6]

Was plaintiff engaged with the defendants in a joint enterprise?

 It is my opinion that at the time the invitation to use the Club was extended to plaintiff, he was not a member and was not engaged with defendants in a common enterprise.

 Granted, arguendo, that at the time of the installation of the tow that plaintiff was a member of the Ski Club, does knowledge attributed to such membership absolve defendants from the consequence of their negligence by reason of the accident and injury to plaintiff at a time subsequent to his withdrawal from such membership?

 In my opinion it does not. Hence, negligence of defendants and contributory negligence of plaintiff, if any, were fact questions for the jury to decide.[7] The Court cannot invade that province of the jury. Review of the Court's notes and charge to the jury is convincing that the verdict is supported by evidence and law. No prejudicial error exists. The verdict is not excessive. The amount of the verdict must be viewed in the light of what it is capable of purchasing.[8]

The motions of the defendants are denied.

It is so ordered.

Defendants are allowed an exception.

---

5. Murphy v. Keating, 204 Minn. 269, 273, 283 N.W. 389; See also: Hammel v. Feigh, 143 Minn. 115, 173 N.W. 570; Nelson v. Seaboard Surety Company, 8 Cir., 269 F.2d 882, 886, 887.

6. Hansen v. Adent, 238 Minn. 540, 545, 57 N.W.2d 681.

7. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434; T. H. Browning Steamship Co. v. F. H. Peavey & Co., 8 Cir., 235 F.2d 5, 7, 8.

8. Giles v. Chicago Great Western Ry. Co., D.C.Minn., 72 F.Supp. 493, 496; Kessen v. Bernhardt, D.C.Minn., 157 F. Supp. 652, 653, 654.