CASE 93—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES— OCT. 23.

# Adams Express Co. v. Schofield.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

CORPORATIONS—ASSOCIATION TREATED AS CORPORATION—SERVICE OF PROCESS—DISMISSAL WITHOUT PREJUDICE OF SUIT REMOVED TO FEDERAL COURT—RIGHT TO SUE IN STATE COURT AGAIN—MASTER AND SERVANT—SERVANT OF INDEPENDENT CONTRACTOR.

Held: 1. Under Const. section 208, providing that "the word corporation as used in this Constitution shall embrace joint stock companies and associations," and Kentucky Statutes, section 457, providing that the words 'corporation,' 'company,' may be construed as including any corporation, company, person, persons, partnership, joint stock company or association,"—an association of 3,000 members will be treated as a *quasi* corporation for the purpose of service of process.

2. Where plaintiff dismisses without prejudice a suit removed to the federal court from a State court, the jurisdiction of the federal court is at an end, and plaintiff may then sue in the State court for an amount of which the federal court has not jurisdiction.

3. The driver of the wagon of an express company carrying parcels for the company from its office to the railroad station was the servant of the company and not merely of the agent who had charge of the company's business in the town, though the agent, under his contract with the company, furnished both the driver and the horse, and therefore the company is liable for the driver's negligence.

LAWRENCE MAXWELL, JR., AND FRANK CHINN, ATTORNEYS FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The contract between appellant and Owen & McKinney, whose employes were in charge of the wagon at time of the collision, makes them independent contractors with reference to the hauling of express matter, and appellant is not liable for the negligence of themselves or their employes, and the court should have so instructed the jury. Wabash Ry. Co. v. Farver,

Adams Express Co. v. Schofield.

111 Ind., 195; Robinson, &c. v. Webb, 11 Bush, 467; E. L. & B. S. R. R. Co. v. Taylor's Admr., 7 Ky. Law Rep., 452; McCafferty v. S. D. & P. M. R. R., 61 N. Y., 178; Engel v. Eureka Club, 137 N. Y., 100; Conners v. Hennesy, 112 Mass., 96; Foster v. Wadsworth & Co., 168 Ill., 514, 48 N. E., 163; Wood v. Cobb, 13 Allen, 58.

2. The act of 1893 amending Civil Code, sec. 51, does not authorize service of process upon the local agent of a non-resident partnership, in a suit for negligence, in any other county than that in which the cause of action occurred; and that amendment, in so far as it attempts to confer authority for service upon any agent of such partners so as to entitle plaintiff to a personal judgment, is unconstitutional, and not due process of law. Cooley on Const. Lim., p. 498 of 6 Ed.; Brooks v. Dunn, &c., 51 Fed. Reporter, 138; Bunnell v. Bunnell, 25 Fed. Reporter, 214; U. S. v. Amer. B. T. Co., 29 Do., 17; Pennoyer v. Neff, 95 U. S., 714; Webster v. Reid, 11 Howard; Freeman v. Alderman, 119 U. S., 185.

3. A former suit between the same parties on the same cause of action having been removed from the Franklin circuit court to the U. S. circuit court, where it was dismissed without prejudice, can not be renewed in the former court—the jurisdiction over the *cause of action* having been vested in the U. S. court, that jurisdiction is exclusive as to that "cause of action." B. & O. R. R. Co. v. Fulton, 59 Ohio St., 575; 53 N. E., 265; 68 Ga., 446; Cox v. E., T. & V. R. R.; Kanonse v. Martin, 15 Howard, 198; Fisk v. R. R. Co., 6 Blachf, 362, 380; Fed. Cas., 4820; Hatch v. R. R., 6 Do., 105; Fed. Cas., 6204; Clark v. R. R., 11 Fed. Reporter, 355; Kern v. Huidekoper, 103 U. S., 485; Ins. Co. v. Dunn, 19 Wall, 214; Hadley v. Dunlap, 10 Ohio St., 18; Henyford v. Ins. Co., 42 Mo., 148.

WM. CROMWELL, ATTORNEY FOR APPELLEE.

JAS. ANDREW SCOTT & C. C. MARSHALL, OF COUNSEL.

This action was brought by appellee in Franklin county, in which she resides, for damages for injuries sustained by the negligence of appellant's driver in driving a wagon against appellee's phaeton at the Shelbyville depot.

It is conceded that appellant is a partnership, composed of members residing outside of Kentucky, engaged in the business of a common carrier in this State.

The first question is: Did the court by service of its process on an agent of appellant at Frankfort, Ky., acquire jur-

isdiction of appellant, authorizing a personal judgment against it? Section 194, Kentucky Constitution, provides that all corporations carrying on business in this State, shall at all times have an authorized agent upon whom process may be served. Sec. 202, provides, that no corporation organized outside of this State shall be allowed to transact business within the State on more favorable conditions than similar corporations in the State.

Section 208 defines corporations to embrace joint stock companies and associations. All the restrictions placed upon corporations apply with equal force to partnerships or other like associations. The conclusion is clear that the service is good if it is made on a person in charge of the company's business in either Franklin or Shelby counties.

*Res Judicata.* It is claimed that this suit was originally brought for $5,000 damages, and when removed to the federal court was dismissed without prejudice, and is therefore *res adjudicata.* This contention can not be sustained upon principle or authority.

Appellant also claims it is not liable, because the driver of the wagon was in the employ of Owen & McKinney, independent contractors, and not servants of appellant.

We claim that where a person contracts to do a certain thing he can not escape liability by employing another to do that which he has engaged to perform.

The company employs Owen & McKinney and they employ the driver, to drive the company's wagon which is lettered the "Adams Express Company."

There is some conflict in the testimony as to how the collision occurred, but it was the province of the jury to weigh the testimony and render a verdict in accordance therewith.

The jury was properly instructed and there is nothing to indicate the jury was influenced by passion or prejudice in their verdict.

## AUTHORITIES.

(1) Process, Constitution of Kentucky, sections 194, 202, 208; Brooks v. Dunn, 51 Fed. Rep., 138; Pennoyer v. Neff, 95 U. S., 714; Grover, &c., v. Radcliffe, 137, U. S. 287; Bullitt's Civil Code of Practice, 1899 Ed., section 73, sub-section 6, section 51; Adams Express Company v. Crenshaw, 78 Ky., 137; Civil Code of Practice, sub-sec. 8, section 194.

(2) *Res Judicata.* Railway Co. v. Fulton, 59 Ohio State, 575.

(3) Master and Servant. Robinson v. Webb, 11 Bush, 467; Bailon Personal Injuries, relating to "Master and Servant," section

2569; Wheeler's Modern Low of Carriers, page 89; Hutchinson on Carriers, section 379; Water Co. v. Ware, 16 Wall., 576; Woods' Master and Servant, sections 307, 308;; Wichtrecht v. Fassnacht, 17 La. Ann., 166; Cooley on Torts, page 532; Carpenter v. Laswell, 23 Ky. Law Rep., 686.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The appellee, Blanche Schofield, was sitting in a phaeton near the railroad station in Shelbyville on July 26, 1898. The wagon of the Adams Express Company ran into the phaeton, breaking it down and causing her serious injury, to recover for which she filed this action in the Franklin circuit court. The defendant, the Adams Express Company, filed a special demurrer to the petition, and then withdrew its demurrer and entered a motion to quash the return on the process. In support of this motion it filed an affidavit of its superintendent that the Adams Express Company is a co-partnership composed of more than 3,000 partners, all of whom were nonresidents of the State. No action seems to have been taken by the court on this motion, but the same matter was set up in the second paragraph of the answer, to which the court sustained a demurrer, and the propriety of this ruling is the first question to be determined. A company composed of 3,000 members is in one sense a co-partnership, but it is not a co-partnership in the ordinary sense of that term. "A joint stock company is an association of individuals for purposes of profit, possessing a common capital, which is divided into shares, of which each member possesses one or more, and which are transferable by the owner. These associations formed for business purposes were at common law, and as a general rule still are, considered merely as partnerships, and their rights and liabilities are in the main governed by the same rules and principles

which regulate commercial partnerships." 17 Am. & Eng.
Ency. Law (2d Ed.) p. 636.    "A joint stock company organ-
ized in a foreign jurisdiction, and having substantially the
power and character of a corporation, may be served with
process in the same manner as foreign corporations are
served." 17 Am. & Eng. Enc. Law (2d. Ed.) p. 644.    The
precise question raised in this case was made in the case
of State v. Express Co., 66 Minn., 271 (68 N. W., 1085),
(38 L. R. A., 225); and it was there held that, although
this association had some of the features of a common-law
partnership, it was a *quasi* corporation, and that process
might be served upon it as upon foreign corporations.
The same conclusion was reached in Express Co. v. State,
55 Ohio St, 69, (44 N. E., 506). These rulings are in ac-
cord with the Constitution and laws of this State. By
section 208 of the Constitution it is provided: "The word
'corporation' as used in this Constitution shall embrace
joint stock companies and associations."   Pursuant to this
constitutional provision is section 457, Kentucky Statutes,
regulating construction of statutes:    "The words, 'cor-
poration,' 'company,' may be construed as including any
corporation, company, person, persons, partnership, joint
stock company or association."    As to what meaning the
word "corporation" is to receive in any provision of stat-
ute, of course, the context must in some measure deter-
mine.    It will not embrace partnerships, when not so in-
tended by the Legislature; but an association of 3,000
members must, under these provisions, be treated as a
*quasi* corporation, and may be proceeded against as such.
It is immaterial by what name it may designate its organ-
ization.    It is in fact an association which for the purpose
of process must be treated as a corporation.    We there-

Adams Express Co. v. Schofield.

fore conclude that the court properly sustained the demurrer to this part of the answer.

In another paragraph of the answer appellant set up the fact that some months before this suit was filed appellee had filed another suit against it, in which she sought to recover from it $5,000 damages upon the same cause of action; that it had removed the case to the circuit court of the United States, and at the next term of that court appellee had dismissed that suit without prejudice, and some days after this had brought the suit now before us upon the same facts, but placing the damages at only $2,000. By reason of these facts it insisted that the Franklin circuit court had no jurisdiction to hear or try the case. The trial court sustained a demurrer also to this paragraph of the answer. The learned counsel for appellant insists that this was error and in support of this position relies on the case of Cox v. Railroad, 68 Ga., 446, and also the case of Railroad Co. v. Fulton, 59 Ohio St., 575 (53 N. E., 265) (44 L. R. A., 520). But both of those cases are materially different from the one before us. In those cases the second suit was not brought within the time allowed by the statute of limitation after the cause of action accrued. To avoid the bar of the statute, the plaintiff relied on certain provisions relative to a "renewed case." Both the cases rest upon the idea that, under the statute before the court, limitation barred the second action, unless it was "properly a step or proceeding in the same case." No question of limitation is made in the case at bar. The facts are simply that the plaintiff first brought a suit for $5,000, which was removed to the federal court, and there dismissed without prejudice and that she then filed the suit before us for $2,000 in the State court. The United States court had not jurisdiction of this suit,

for the amount sued for does not exceed $2,000; and, if the action could not be brought in the State court, it could not be brought at all.    If the plaintiff had in the first place brought her action in the federal court, laying the damages at $5,000, and had dismissed that suit without prejudice, would it be contended that she could not then have filed another suit in the State court on the same demand? When the case had been removed to the federal court and was there dismissed without prejudice, it was at an end and the court lost all jurisdiction over the parties as fully as if the suit had been originally filed in that court. The plaintiff was at liberty to exercise her pleasure as to bringing another suit, and was free to adopt any form of action she saw fit, or resort to any forum that was open to her.    The United States statute, after providing for the petition and bond and the order of removal, proceeds with these words:    "It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit; and the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."    It is clear that the word "cause" in this sentence is used synonymously with the word "suit," and that when the action reaches the federal court it stands precisely as if it had been originally commenced there.    It was never held that one who brought a suit in a certain court, and dismissed that suit without prejudice, must, if he brought another suit on the same cause of action, bring it in the same court.    There is nothing in the statute to change this rule where a case is removed under it to the federal court.    On the contrary, such an action is expressly made to stand on the same footing as if originally brought in that forum.    The demur-

rer to this part of the answer, therefore was also properly sustained.

It is further earnestly insisted for appellant that it was not liable for the negligence of the driver of the express wagon, on the ground that appellant employed an agent at Shelbyville who had charge of its business there, and the agent ran the wagon from the station to the express office as a contractor, furnishing both the driver and horse; the company having no control over the selection of the driver or the management of the wagon. We are referred to a number of authorities in which the doctrine that the employer is not responsible for the negligence of the servant of an independent contractor is announced. But this case does not come within the principle on which these decisions rest. The wagon was the property of the express company. The parcels in the wagon were in the possession of the express company. They were carried from its office in the town to the railroad station on the wagon by its agent, and for it. The agent was in the employ of the company. It could dismiss him at any moment. He was subject to its orders, transacting its business, and his possession of the goods while on the wagon was its possession. The relation of master and servant existed. See 1 Shear. & R. Neg., sections 164-167.

The proof as to the cause of the collision between the wagon and the phaeton is conflicting, but the verdict is not so against the evidence as to justify us in disturbing it on this ground. The amount of the verdict ($500) is not excessive, under the evidence, and on the whole case we see no error to the prejudice of appellant.

Judgment affirmed.