Vol. 117]  JANUARY TERM, 1904.  855

Stevenson's Admr. v. Illinois Cent. R. R. Co.

CASE 102—ACTION BY LUCY STEVENSON'S ADMR. AGAINST THE ILLINOIS
CENT. R. R. Co., &C. FOR CAUSING DEATH OF PLAINTIFF'S INTES-
TATE.—MARCH 15.

# Stevenson's Admr. v. Illinois Cent. R. R. Co.

117  855
130  571

APPEAL FROM M'CRACKEN CIRCUIT COURT.

FROM A JUDGMENT OF DISMISSAL PLAINTIFF APPEALS.  REVERSED.

REMOVAL OF CAUSES—DISMISSAL OF REMOVED CAUSE—EFFECT.

Held:  An action removed from the State to the United States
court stands on the same footing as one originally brought in
the latter court, and may be dismissed without prejudice to a
future action in the State court within the statutory period.

TAYLOR, GILBERT & LUCAS, ATTORNEYS FOR APPELLANTS.

## POINTS AND AUTHORITIES CITED.

The orders of the court from which these appeals are pros-
ecuted are "judgments" from which an appeal lies.  Act of
1888, supplement to Rev. Stats., U. S., 611; Sec. 368, Civil Code
of Practice, sec. 734, Civil Code of Practice; Winston's Admr.
v. I. C. R. R. Co., 23 Ky. Law Rep., 1283.

The State circuit court erred in making the orders filing the
petitions and approving and filing the bonds for the transfer.
Act of 1888, supplement to Rev. Stats., U. S., 611; Winston's
Admr. v. I. C. R. R. Co., 23 Ky. Law Rep., 1283; C. & O.
Ry. Co. v. Dixon, 179 U. S., 131 (45 L. Ed., 121); Provident
Savings Life Assurance Society v. Ford, 114 U. S., 635 (29 L.
Ed., 261); Black's Dillon on Removal of Causes, sec. 84; Pow-
ers v. C. & O. R. R. Co., 169 U. S., 92 (42 L. Ed., 673);
Sloane v. Anderson, 117 U. S., 275 (29 L. Ed., 899); L.
& N. R. R. Co. v. Ide, 114 U. S., 52 (29 L. Ed., 63); Pirie
v. Tvedt, 115 U. S., 41 (29 L. Ed., 331); Torrence v.
Shedd, 144 U. S., 527 (36 L. Ed., 528); Little v. Giles,
118 U. S., 596 (30 L. Ed., 269); L. & N. R. R. Co. v. Wangelin,
132 U. S., 599 (33 L. Ed., 474); Black's Dillon on Removal of
Causes, sec. 141; C. & O. R. R. Co. v. Dixon, 20 Ky. Law
Rep., 792; Pollock on Torts, Am. Ed., 89.

Stevenson's Admr. v. Illinois Cent. R. R. Co.

WHEELER & HUGHES, J. M. DICKERSON and PIRTLE. TRA-
BUE, DOOLAN & COX, for appellees.

### POINTS AND CITATIONS.

1. Does an appeal lie? Can the State court "proceed further,"
after petition for removal accepted and bond approved?
Act of Congress providing for removal. Durham v. Southern
L. Ins. Co., 46 Texas, 182; Railroad Co. v. Wangelin, 132 U.
S., 559; C. & O. Ry. Co. v. Dixon, 179 U. S., 131; Winston
v. I. C. R. R. Co., 23 Ky. Law Rep., 1283.

2. Joint and severable liability, distinguishing features dis-
cussed. Fraudulent joinder. Citing Warax v. C. N. O. & T.
P. Railroad Co., 72 Fed. Rep., 637; Helms v. T. P. R. R.
Co., 120 Fed. Rep., 389; R. R. Co. v. Wangelin, 132 U. S., 599.

3. Issue of facts can be made by petitioner for removal; where
to be heard? Kansas City Railroad Co. v. Daughtery, 138
U. S., 298; Crehore v. O. & M. R. R. Co., 131 U. S., 240;
Burlington, Cedar Rapids, &c. R. R. Co. v. Dunn, 122 U. S.,
513; Carson v. Hyatt, 118 U. S., 279.

4. Mis-statement of facts in original will not prevail to pre-
vent removal. Dilas' Admr. v. C. & O. R. R. Co., 24 Ky. Law
Rep., 1347; Hankins' Admr. v. L. & N. R. R. Co., 17 L. R.
(Ky.), 78; L. & N. R. R. Co. v. Wade, 18 Ky. Law Rep.,
59; L. & N. R. R. Co. v. Tinkham's Admr., 19 Ky Law Rep.,
1784; Lyter v. L. C. & L. R. R. Co., 6 Ky. Law Rep., 223.

5. Effect of dismissal in Federal court by plaintiff. Des
Moines Navigation Co. v. Iowa Homestead Co., 123 U. S., 552;
Dowell v. Applegate, 152 U. S., 327; Cheatham v. Whitman,
86 Ky., 615; Scotland Co. v. Hill, 132 U. S., 107.

6. Attitude of plaintiff; rights of defendants. C. & O. Ry.
Co. v. Riddles' Admr., 24 Ky. Law Rep., 1687; Cox v. East
Tennessee, Virginia and Georgia R. R. Co., 68 Ga., 446; Balti-
more & Ohio R. R. Co. v. Fulton's Admr, 59 Ohio, 575.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 6th of August, 1902, Lucy Stevenson was killed by
a railroad train upon the tracks of the Illinois Central Rail-
road Company, and thereafter, on the 10th of October, 1902,
her administrator instituted an action in the McCracken
circuit court against the Illinois Central Railroad Company,
Robert Bean, the engineer of the train, and A. T. Cole, the

conductor, for damages, alleging that the death of his in-
testate was attributable to the negligence of Bean and Cole.
This suit was removed to the United States Circuit Court,
upon the application of the railroad company, on the ground
of diverse citizenship. Cole, the conductor was not before the
court. The administrator subsequently dismissed the suit
without prejudice. Subsequently, on the 20th of November,
1902, he brought a second action against the same parties in
the McCracken circuit court upon the same cause of action.
The railroad company and Robert Bean again filed their
petition and bond, asking a transfer of the case to the federal
court. Plaintiff objected to the order of transfer to the
federal court, which was overruled. The defendants in that
case filed a transcript of the record in the United States
Court at Paducah, and the plaintiffs appeared in that court
and made a motion to have the case remanded to the State
court, which was overruled. The defendants thereupon filed
their answer to the petition in the federal court, which, upon
the motion of plaintiff, was controverted of record. Sub-
sequently this action was dismissed without prejudice on the
motion of plaintiff. Plaintiff also prosecuted an appeal to
this court from the judgment of the McCracken circuit court,
and it was decided upon that appeal that the order of re-
moval to the federal court was improperly made, because
there was no denial of the averment that one of the defend-
ants (Cole) was a resident of the State of Kentucky, but
that this error was waived by plaintiff going into the federal
court and dismissing that action without prejudice, and
that, as a consequence thereof, he had no action pending
in either court. But the opinion in that case states that the
plaintiff could bring another suit upon the same cause of
action in the State court, if not barred by the lapse of time.

858 KENTUCKY REPORTS. [Vol. 117

Stevenson's Admr. v. Illinois Cent. R. R. Co.

See Stephenson's Adm'r v. Illinois Central R. Co. (25 R., 442, 75 S. W., 260. On the 23d of July, 1903, and within one year after the accrual of his cause of action, the administrator of Lucy Stevenson brought this action against the Illinois Central Railroad Company, and A. T. Cole, Robert Bean, and Roy Christian, who, it is alleged, were respectively the conductor, engineer, and fireman of the train which killed his intestate, and to whose negligence her death was attributable. He also makes additional allegations of negligence to those relied on in the former suits. The railroad company again filed its petition and bond for a removal of the action to the United States Court for the Western District of Kentucky, and also filed a special plea to the jurisdiction of the McCracken circuit court; relying upon the facts recited *supra* in bar of plaintiff's right to prosecute the suit. To this plea of jurisdiction the plaintiff filed a general demurrer, which was overruled, plea sustained, and action dismissed; and to reverse that judgment this appeal is prosecuted.

It is the contention of appellee that, the federal court having acquired jurisdiction of the cause of action upon the former removals, it was exclusive and continuous, and no suit could thereafter be instituted or maintained for the same cause of action in the State court, and in support of this contention it relies upon the case of Cox v. Railroad Co., 68 Ga., 446; Railroad Co. v. Fulton, 59 Ohio St., 575, 53 N. E., 265, 44 L. R. A., 520; and Chesapeake & Ohio Ry. Co. v. Riddell's Adm'r (24 R., 1687), 72 S. W., 22. In the Georgia case it was decided that, where a case has been removed from the State court into the federal court, the jurisdiction of the former ceases, and that after a nonsuit in the federal court the case could not be renewed in the State court, and, to support the conclusion there reached,

the court relied upon the case of Kern v. Huidekoper, 103 U. S., 485, 26 L. Ed., 354. An examination of that case discloses that a party to a suit, who was entitled to its removal from the State court, wherein it was brought, filed in due time his petition and requisite bond, asking for a transfer to the federal court, and his petition was denied. The parties asking the removal nevertheless filed a transcript of the proceedings of the State court in the federal court. The State court, however, proceeded to try and render judgment against the parties asking the removal. Afterwards the cause was tried in the federal court, and the parties who had removed the case secured judgment in their favor. This latter judgment went to the Supreme Court by writ of error, and was affirmed; the Supreme Court holding that, being entitled to removal, the federal court acquired jurisdiction, and that all subsequent proceedings in the State court were void. We are unable to discover that the decision in Kern v. Huidekoper has any bearing upon the question at bar, or supports the judgment of the 'Georgia case. The case of Railroad Company v. Fulton, 59 Ohio St., 1, 53 N. E., 265, 44 L. R. A., 520, seems simply to have adopted the reasoning and conclusion of the Georgia court. In Chesapeake & Ohio Ry. Co. v. Riddell's Administrator, the court distinguished that case from the Georgia and Ohio cases above referred to. In that case the suit had been originally instituted in the federal court by plaintiff, and afterwards dismissed without prejudice, and renewed in the State court. The jurisdiction of the State court was upheld, but the opinion seems to have recognized as authority the Georgia and Ohio cases. This was a mere dicta, unnecessary to the decision of the case, and in conflict with the conclusion reached herein, and is now withdrawn. In Adams Express Co. v. Schofield (111 Ky.,

832, 23 R., 1120), 64 S. W., 903, the same contention relied on by appellee in this case was made by the Express Company, and it was decided that an action which had been removed to the United States court from the State court stood upon the same footing as one originally brought in the federal court, and that either might be dismissed without prejudice to a future action within the statutory period. The decision in this case finds abundant support in Gassman v. Jarvis (C. C.), 100 Fed., 146, in which both the Georgia and Ohio cases are construed, and is decisive of the case at bar.

It follows that the trial court erred in sustaining the plea to the jurisdiction of the State court. The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.