Case 97.—PENAL ACTION IN THE NAME OF THE COMMON-
WEALTH OF KENTUCKY BY THE COMMONWEALTH'S
ATTORNEY OF THE 11th JUDICIAL DISTRICT AGAINST
THE ADAMS EXPRESS COMPANY TO RECOVER A PEN-
ALTY FOR NOT HAVING FILED WITH THE SECRETARY
OF STATE A STATEMENT REQUIRED BY SEC. 571, KEN-
TNCKY STATUTES.—Nov. 13.

## Commonwealth v. Adams Express Co.

Appeal from Grant Circuit Court.
I. H. THURMAN, Circuit Judge.
From an order dismissing the action the Plaintiff
appeals.   Affirmed.

1.   Statutes—Terms — Definition — Statutory Provisions — Const.
Sec.   208, providing that the word "corporation," as used
"in this Constitution" shall embrace joint stock companies
and associations does not control the definition of the word
"corporation" when used in the statutes of the state.

2.   Joint Stock Companies—Corporation Law—Applicability—Pe-
nal Statutes—Act April 5, 1893, containing Ky. St. 1903, Sec.
457, is entitled, "An act providing for the creation and regu-
lation of private corporations." The first section of the act
(Ky. St. 1903, Sec. 538) provides for what purposes such
corporations may be formed, and the next section, (Ky.
St. 1903, sec. 539) provides what the articles of incorporation
shall specify, neither of which sections have any application
to partnerships or unincorporated companies. Ky. St. 1903,
Sec. 571, provides that all corporations except foreign in-
surance companies doing business within the state shall have
an authorized agent to accept service in the state and shall
file with the Secretary of State a specified statement; that if
any corporation fails to comply with such requirements, it
shall be guilty of a misdemeanor and fined. Held, that sec-
tion 571 had no application to an express company which
was a joint stock association, notwithstanding section 457,
providing that the word "corporation" may be construed to
include any person, persons, partnership, joint stock com-
pany, or association.

Commonwealth v. Adams Express Co.

R. L. DURHAM, Commonwealth's Atty., N. B. HAYS, Atty.
Genl., C. H. MORRIS and MORRIS & SOUTH for appellant.

## SUMMARY.

1.   Sec. 208 of the present constitution of Kentucky, defining
the word, "corporation" uses the following language: "The word
corporation as used in this constitution shall embrace joint stock
companies and associations." And Sec. 457 of Ky. Stat. in defin-
ing the word corporation as used in the Statute uses this language:
"The words, 'corporation' 'company' may be construed as in-
cluding any corporation, company, person, persons, partner-
ship, joint stock company or association." It will be seen that
the constitution uses the word "shall" while the Statute uses
the word "may."

2. It may be contended that to require associations and joint
stock companies to file under Sec. 571 of Ky. Stat. would require
any company, person, persons and partnership transacting busi-
ness in the State to do likewise.   It is not necessary to refute
this argument further than to call the attention of this Honorable
Court to the decision which it rendered Oct. 23, 1901 in the case
of Adams Express Company v. Schofield, 64 S. W., 903; 23 R.
1120.   In the case referred to, Adams Express Company, the
appellee herein sought to be relieved from liability on the grounds
that it was a joint stock company or co-partnership, and that
service on the several partners was necessary in order to give
jurisdiction.

3.   The purpose of Sec. 571, Ky. Stat. under which we are
proceeding in this case, if it has any purpose, is to have both
domestic and foreign corporations to keep a person or agent in
this State, while it is carrying on and transacting any business
herein upon whom service may be had so the courts of the State
may require jurisdiction of the subject matter.

## AUTHORITIES CITED.

Kentucky Statutes, Secs., 571, 457, 576, 1636 and 1637; Con-
stitution, Secs., 194 and 208; Adams Express Company v. Scho-
field, 64 S. W. 903, 23 R. 1120; State v. Express Company., 66
Minn. 271, 68 N. W. 1085; Knoxville Nursery Co. v. Com. 108
Ky. 6, 21 R. 1483, 55 S. W. 691.

W. C. McCHORD, for appellee.

## SYNOPSIS AND CITATION OF AUTHORITIES.

The word, "corporation," defined by the Constitution and Ken-

tucky Statutes, does not embrace a joint stock company, so as to render it liable to a penal action, for failure to comply with Section 571, Kentucky Statutes. (Kentucky Statutes, Sections 460, 567, 571 and 576; Constitution of Kentucky, Section 208; Commonwealth v. L. & N. R. R. Co., 23 Ky. L. R., 1159.)

All material allegations of a penal action are put in issue by a plea of not guilty, and must be proven beyond a reasonable doubt, before the defendant can be found guilty. (Criminal Code, Secs.; 11 and 238; L. & N. R. R. Co. v. Commonwealth, 112 Ky., 645.)

Certified copies of papers in the office of the Secretary of State of New York are not admissible as evidence against the defendant to prove the existence of a fact essential to constitute guilt. (Bill of Rights, Section 11 of the Constitution; Kentucky Statutes, Section 1627 and 1636; U. S. Statutes, Sections 905 to 909; Kaelin v. Commonwealth, 84 Ky., 354.)

LAWRENCE MAXWELL, Jr. and JOSEPH S. GRAYDON, for appellee.

## POINTS AND AUTHORITIES.

The judgment of the Green Circuit Court should be affirmed because:

1. By a proper construction of Sec. 571, Kentucky Statutes the appellee, not being a corporation, does not come within the terms of the statute. (State v. Sattley, 131 Mo. 464, 33 S. W. 41; First National Bank of Owensboro v. Commonwealth, 17 K. L. R. 1167, 33 S. W. 1105; Chapman v. Barney, 129 U. S. 677; Gregg v. Sanford, 65 Fed. 151, 153; Platt v. Calvin, 50 Oh. St. 703; Taft v. Ward, 106 Mass. 158; Gott v. Dinsmore, III. Mass. 45; Boston & Albany R. R. v. Pearson, 122 Mass., 445; People v. Coleman, 133 N. Y. 279, 31 N. E. 96.)

2. If Sec. 457 must be read into Sec. 571 so as to include the appellee, then Sec. 571 is unconstitutional as a whole, and no court will enforce it. (Jones v. Bowman, 190 U. S., 127; United States v. Reese, 92 U. S. 214; Wynehamer v. People, 13 N. Y. 378; Trade Mark Cases, 100 U. S. 82 98; United States v. Reese, 92 U. S. 214.)

3. If Sec. 457 may be read into Sec. 571 at the discretion of the court or jury so as to include the appellee, then the statute which results from the combination is unconstituional and void, (Constitution of Kentucky Secs. 27 and 28; L. & N. R. R. Co. v. Commonwealh, 99 Ky. 122; Commonwealth v. L. & N. R. R. Co. 99 K. L. R., 122, 46 S. W. 700; Bishop on Statutory Crimes Sec. 41; Kilbourn v. Thompson, 103 U. S. 182; United States v.

Brewer, 139 U. S. 278, 288; In re Converse, 137 U. S., 624, 632.)

OPINION BY CHIEF JUSTICE HOBSON, Affirming.

The Adams Express Company is a joint stock association created under the laws of the state of New York.   It is composed of about 3,000 members, all of whom are nonresidents of this State.   These associations are in legal effect partnerships although they are treated as quasi corporations for the purpose of serving process upon them.   In Adams Express Company v. Schofield, 111 Ky. 833, 64 S. W. 903, 23 Ky. L. R. 1120, it was held that a summons served upon an agent under subsection 4 of section 51 of the Civil Code of Practice was sufficient service upon the express company on the ground that it would be otherwise impossible to bring an associatio of 3,000 members before the court.

In the case now before us the Adams Express Company has been   prosecuted by a penal action in the name of the commonwealth for doing business in this State without having filed with the Secretary of State the statement required by section 571, Ky. St. 1903. That section is in these words: ''All corporations except foreign insurance companies formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whon process can be served; and it shall not be lawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office

or offices, or in its agents, it shall at once file with
the Secretary of State a statement of such changes
and the former agent shall remain agent for the pur-
pose of service until statement of appointment of the
new agent is filed; and if any corporation fails to com-
ply with the requirements of this section, such corpo-
ration, and any agent or employe of such corporation,
who shall transact, carry on or conduct any business
in this State for it, shall be severally guilty of a
misdemeanor, and fined not less than one hundred nor
more than one thousand dollars for each offense."

The only question we deem it necessary to consider
is whether the express company is a corporation
within the meaning of this section.   Section 208 of
the Constitution provides:   "The word corporation
as used in this Constitution shall embrace joint stock
companies and associations."   But as the question
before us does not turn on the meaning to be given any
provision of the Constitution, this section is not con-
clusive of the question before us.   Section 457 Ky.
St. 1903, being a part of the act for the construction of
statutes, is in these words:   "A word importing the
singular number only may extend and be applied to
several persons or things, as well as to one person or
thing, and a word importing the plural number only
may extend and be applied to one person or thing as
well as to several persons or things.   A word import-
ing the masculine gender only may extend and be ap-
plied to females as well as males; and the word 'per-
son' may extend and be applied to bodies politic and
corporate, societies, communities, and the public gen-
erally, as well as individuals, partnerships, persons
and joint stock companies.   The words 'corporation,'
'company,' may be construed as including any cor-
poration, company, person, persons, partnership, joint
stock company or association."

It is manifest that a word importing the singular

number will not always be applied to several persons or things; that a word, importing the masculine gender, will not always be applied to females. So, the word "corporation" will not always be construed to include a partnership or joint stock association. "As to what meaning the word 'corporation' is to receive in any provision of statute, of course, the context must in some measure determine. It will not embrace partnerships, when not so intended by the Legislature." Adams Express Company v. Schofield, supra. Bearing this rule in mind, what meaning are we to give the word "corporation" in section 571 above quoted? The section is a part of an act approved April 5, 1893, entitled, "An act providing for the creation and regulation of private corporations." The first section of the act, Laws 1893, p. 612 c. 171 (see Ky. St. 1903, section 538) provides for what purposes such corporations may be formed. The next section (section 539) provides what the articles of incorporation shall specify. Neither of these sections can have an application to partnerships or unincorporated companies. The same is true of the immediately following sections of that article. Section 571 comes in the same article. We have been unable to see any provisions from the beginning of the article down to section 571 which would indicate that the Legislature had in mind, or was attempting to regulate, unincorporated companies. To illustrate; neither sections 567, 568, 569, nor 570 on their face could be applied to unincorporated companies. Nor could section 573, which follows it; nor 576. An unincorporated company could not truthfully print upon its advertising matter the word "incorporated" (section 576). An unincorporated company might as the law then stood engage in the banking business, and it might own real estate not necessary for the carrying on of its busness for a longer period than five years (section 567).

It might issue stock or bonds without an equivalent in money or property actually received (section 568); it could not be proceeded against by the Attorney General (section 569). It was not required to accept any provisions of the Constitution, and could have no charter containing powers, privileges, or immunities inconsistent with the provisions of the act (section 570). These sections immediately precede section 571, and in the sections following it to the end of the article, there is nothing to indicate that the Legislature had in mind in enacting them, unincorporated companies. We therefore conclude that, reading section 571 with the other provisions of the act immediately preceding and following it, and in view of the title of the act and its manifest purpose, that the word "corporations" in section 571 only includes incorporated companies, and does not include unincorporated associations such as joint stock companies.

There is no distinction in the construction of statutes between criminal and civil enactments, but all statutes must be construed with a view to carry out the intention of the Legislature. Ky. St. 1903, section 459. But laws which create crime should be sufficiently explicit that men subject to their penalties may know what acts are forbidden, and before a man can be punished, his case must be plainly within the statute. U. S. v. Lacher, 134 U. S. 628, 10 Sup. Ct. 625, 33 L. Ed. 1080. Crime is not to arise upon doubtful construction of a statute where a person of ordinary intelligence, reading the statute, would not understand from it that the act was forbidden. Criminal statutes are not cunningly and darkly framed to catch the unwary, and they are not extended for this purpose beyond the fair and natural meaning of the words used. The statute in question has been in force for a number of years, and in no case, so far as we are aware, until the present, has it been sought to be applied to un-

incorporated companies.  Section 194 of the Constitution is as follows: "All corporations formed under the laws of this State, or carrying on business in this State, shall, at all times, have one or more known places of business in this State, and an authorized agent or agents there, upon whom process may be executed, and the General Assembly shall enact laws to carry into effect the provisions of this section." The express company has complied with this provision.  It has places of business in the State and authorized agents there upon whom process may be executed so that no provision of the Constitution has been violated.  Section 571 of the statute was, perhaps, enacted to carry into effect the provisions of the Constitution as to private corporations; but nothing more, as shown above, was in the mind of the Legislature in that enactment.

Judgment affirmed.