CASE 71.—PERSONAL INJURY ACTION BY JOSEPH SHOT-
WELL AGAINST THE CHESAPEAKE & OHIO RY
CO.—November 20.

# Shotwell v. Chesapeake & Ohio Ry. Co.

Appeal from Kenton Circuit Court.

M. L. HARBESON, Circuit Judge.

From a judgment of dismissal plaintiff appeals—
Reversed.

Judgment—Bar of Causes of Action—Judgment on Discontinuance.
—The dismissal of an action either on motion of plaintiff or on
motion of defendant for want of prosecution, after its removal
from a State circuit court to a Federal circuit court, is not a
bar to a subsequent action for the same cause begun in the
State circuit court.

FREDERICK W. SCHMITZ, attorney for appellant.

AUTHORITIES CITED.

Enc. of Pleading & Prac. vol. page 986; Cyc. vol. 23, p. 1151;
Nickel ·v. Fallon, 15 Ky. Law Rep. 389; Hilton v. Hilton,. 22 Ky.
Law Rep. 1934; Nipps' Admr. v. C. & O. R. Co., 25 Ky. Law Rep.
2335; Adams Express Co. v. Shofield, 23 Ky. Law Rep. 1120;
DeWitt v. C. & O. R. Co., 25 Ky. Law Rep. 2019; Stevenson, Admr.,
v. I. C. R. Co., 25 Ky. Law Rep. 2012; Dana v. Gill, 5 J. J. Marsh.
242; Carlyle v. Howes, 19 Ky. Law Rep. 1239; Birch v. Funk, 59
Ky. (2 Metc.) 544; Ryan v. Seaboard, etc., R. Co., 89 Fed. 397;
Cyc., vol. 23, p. 1146; Rosenthal v. McMann, 93 Cal. 505, 29 Pac.
121; Randolph v. Des Moines Cot. Hosp. Iowa 1905), 103 N. W.
157; Dean v. Ridgeway (Miss. 1889), 6 So. 236.

E. J. TRACY and GALVIN & GALVIN for appellee.

AUTHORITIES CITED.

Bouvier's Law Dictionary, vol. 1, p. 388; Am. & Eng. Enc. of Law, 2d Ed., vol. 24, pp 797, 795; Freeman on Judgments, 4th Ed., vol. 1, paragraphs 262 and 260; Ogsburg v. LaFarge, 2d N. Y. 114; Newman v. Newton, 14 Fed. 634.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In March, 1905, Joseph Shotwell brought a suit against the Chesapeake & Ohio Railway Company to recover for personal injuries in the Kenton circuit court. On April 3d, the railroad company filed its petition, and on its motion the cause was removed to the Circuit Court of the United States. The plain-tiff appeared in that court and entered a motion to dismiss his action without prejudice. Without any disposition of this motion, the defendant, on October 30th, moved the court to dismiss the petition for want of prosecution. The motion was sustained, and a judgment was entered dismissing the petition for want of prosecution. Shotwell after this, on January 17, 1906, brought this suit against the railroad company to recover for the same injuries. The defendant pleaded the judgment entered in the Circuit Court of the United States dismissing the former action for want of prosecution in bar of this action. The court sustained the plea and dismissed the action. The plaintiff appeals.

In Freeman on Judgments, section 261, the rule is thus stated: "Judgments of nonsuit, of non prosequitur, of nolle prosequi, of dismissal, and of discontinuance are exceptions to the general rule that, when the pleadings, the court, and the parties are such as to permit of a trial on the merits, the

Shotwell v. Chesapeake & O. Ry. Co.

judgment will be considered as final and conclusive of all matters which could have been so tried. A nonsuit is but like the blowing out of a candle, which a man at his own pleasure may light again. Under no circumstances will such a judgment be deemed final, whether entered before or at the trial.''

In 23 Cyc. 1138, the rule is thus stated: ''A judgment of non prosequitur has no greater effect as an estoppel than a judgment of nonsuit, and does not bar another action for the same cause.'' See also 2 Black on Judgments, section 702; 24 Am. & Eng. Encyc. 803.

We have found no contrary authorities. That the plaintiff may dismiss his action after it has been removed to the federal court, and bring a second suit in the State court, has been held in a number of cases. See Adams Express Company v. Schofield, 111 Ky. 832, 64 S. W. 903, 23 Ky. Law Rep. 1130; Stevenson's Adm'r v. I. C. R. R. Co., 117 Ky. 859, 79 S. W. 767, 25 Ky. Law Rep. 442; Dana v. Blackburn, 121 Ky. 706, 90 S. W. 237, 28 Ky. Law Rep. 695, and cases cited.

Judgment reversed, and cause remanded for further proceedings consistent herewith.