## Bosworth, Auditor v. State University, et al.

(Decided June 13, 1913.

### Appeal from Franklin Circuit Court.

1. Corporations—Action of State Institution Which is a Corporation —Employment of Counsel.—The action of a State institution which is a corporation authorized to sue and be sued, will not be dismissed because the attorney bringing the action has not been employed as provided in Subsection 5 of Section 112 Ky. Statutes.
2. Constitutional Law—Experiment Station of State University— Act Providing For.—The act of March 11, 1912 is not invalid under section 51 of the Constitution on the ground that it amends the act of March 21, 1910, without publishing it at length, the act of 1912 simply enlarging the powers of the experiment station.
3. Interest Bearing Warrants.—The rule laid down in Rhea v. Newman, 153 Ky., 604, as to the issuance of interest bearing warrants, when there were already outstanding such warrants beyond the amount of $500,000 over and above the cash in the treasury, is approved.

JAMES GARNETT, Attorney General for appellant.

STOLL & BUSH for appellees.

Opinion of the Court by Chief Justice Hobson—Affirming.

By an act approved March 11, 1912, the General Assembly appropriated to the Agricultural Experiment Station of the State University at Lexington, Kentucky, for the current fiscal year and for each succeeding year thereafter $50,000 to be paid quarterly to the treasurer of the experiment station out of the moneys in the treasury of the Commonwealth of Kentucky; and the Auditor for the payment thereof was directed to draw his warrant upon the Treasurer as in all other claims against the Commonwealth. The Auditor, Henry M. Bosworth, declined to issue a warrant for money due the experiment station under the act and this suit was brought to compel him by mandamus to issue it. A motion to dismiss the action was made by the Attorney General upon the ground that the State University being a State institution had no authority to employ counsel without the consent of the Attorney General, the suit having been brought by Stoll and Bush as attorneys for the plaintiff. Subsection 5 of section 112 of the Kentucky Statutes is as follows:

"The Attorney General and his assistants shall attend to all litigation and business in or out of the State, required of him or them under this act, or other existing law or laws hereinafter enacted, and also any litigation or business that any State officer may have in connection with or growing out of his official duty; and no State officer, board or trustees or the head of any department or institution of the State shall have authority to employ or to be represented by any other counsel or attorney-at-law, unless an emergency arises, which, in the opinion of the Attorney General requires the employment of other counsel, in order to properly protect the interest of the Commonwealth, in which event the Attorney General shall, in writing, setting forth the reasons for such employment, request the Governor to employ such additional counsel. Before such employment, said written requests shall be filed in the office of the Secretary of State, and shall be a public record, and a copy thereof shall be retained and kept on file in the office of the Attorney General. Before such counsel is employed his fee and compensation shall be agreed upon and fixed by written contract by the Governor and said counsel, subject to the approval of the Attorney General, and copies

thereof shall be kept on file in the office of the Attorney General and the Secretary of State.''

The purpose of this provision is to protect the State or any department or institution of the State from having to pay counsel fees. If Stoll and Bush were asserting a fee against the experiment station, the question sought to be raised by the motion would be presented. But it was not the purpose of the statute to prevent an institution of the State from bringing a suit to test its right when the Attorney General was unwilling to employ other counsel. In this case the Attorney General represents the Auditor, and it was not the purpose of the statute to prevent such a suit as this being brought. The plaintiff has capacity to sue and having capacity to sue, may maintain the action. The motion to dismiss the action as improperly brought, was therefore correctly overruled.

It is also insisted by the Attorney General that the act of March 11, 1912 is invalid under section 51 of the Constitution which provides:

''And no law shall be revised, amended, or the provisions thereof extended, or conferred by reference to its title only, but so much thereof as is revised, amended extended or conferred, shall be re-enacted and published at lenth.''

It is insisted that the act of March 11, 1912, is an amendment to the act approved March 21, 1910, and that that act is not re-enacted or published at lenth. The act of March 21, 1910, is entitled ''An act to establish a plant for the preparation of hog cholera serum and for the distribution of same to the farmers of the State.'' In the preamble the prevalence of hog cholera and the necessity for the serum is set out and then it is enacted that at the experiment station a plant for the manufacture of the serum shall be established; $2,000 is appropriated for the purpose of installing the necessary plant. This is the sum of that act. (See Acts, 1910, p. 151.) The act of March 11, 1912, is entitled ''An Act to benefit the Agricultural Experiment Station of the State University, Lexington, Kentucky, appropriating money and providing revenues for the maintenance of said Experiment Station and for conducting experiments in the various lines of Agriculture, and to meet the increased demands made upon it as a public institution.'' (See Acts, 1912, p. 134.) In the preamble to the act the reasons for its enactment are set out and it is provided in the act that the money thereby appropriated shall be used for the

purpose of making field experiments in the several sections of the State to ascertain what crops and treatment are best suited to each, to discover the best methods of orchard treatment, to conduct investigations, to develop the beef, pork and mutton producing interests of the State, to devise feeding experiments, to demonstrate the most successful combination of stock foods, to investigate live stock conditions both at home and abroad, including both horses and cattle; to conduct investigations for the advancement of the poultry interests of the State, and a number of other like matters. The act of 1912 is in no sense an amendment of the act of 1910. It enlarges the Agricultural Experiment station, but it does not revise the act of 1910. The validity of such legislation was upheld by us in Purnell v. Mann, 105 Ky., 87; Com. v. Reinecke Coal Co., 117 Ky., 855; Murphy v. City of Louisville, 114 Ky., 762; Herndon v. Farmer, 114 Ky., 200; Weimer v. Com'rs., 124 Ky., 383; Mark v. Bloom, 141 Ky., 474.

Lastly it is insisted that there was on April 30, 1913, outstanding warrants amounting to $2,024,476.50 and only $229,820.32 in the treasury; that these warrants represent sums which the Commonwealth of Kentucky is bound to pay, and that in the aggregate these outstanding warrants over and above the cash in the treasury amount to a sum in excess of $500,000. On this question the case is not to be distinguished from Rhea v. Newman, 153 Ky., 604. In that case we fully considered the constitutional provisions relied on and held them not applicable. We adhere to the conclusion we then reached.

The circuit court having properly awarded the mandamus it follows that his judgment must be affirmed.

Judgment affirmed.