STATE of Minnesota, Appellant,

v.

Artiase Dvon WILLIAMS, Respondent.

No. A12–1719.

Supreme Court of Minnesota.

Feb. 5, 2014.

Lori Swanson, Attorney General, Saint Paul, MN; and Susan L. Segal, Minneapolis City Attorney, Paula J. Kruchowski, Assistant Minneapolis City Attorney, Minneapolis, MN, for appellant.

Sharon E. Jacks, Minneapolis, MN, for respondent.

Faison. T. Sessoms, Attorney at Law, Minneapolis, MN, for amicus curiae Minnesota Association of Criminal Defense Lawyers.

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant Hennepin County Attorney, Minneapolis, MN,

for amicus curiae Minnesota County Attorneys Association.

## OPINION

GILDEA, Chief Justice.

This case involves a dispute over the amount of attorney fees to which the defendant is entitled in the State's pretrial appeal. The court of appeals granted respondent Artiase Dvon Williams his full fee request. The only dispute before the court of appeals was the hourly rate the court should apply to the hours of work performed. Williams sought $120 per hour for a total of 30.3 hours of work. The State contended that for 9.2 of these hours, the court was required to use $50 per hour, which was the rate set in a standing order the Chief Judge of the Fourth Judicial District entered pursuant to Minn.Stat. § 611.27, subd. 16(b) (2012). Because the court of appeals did not abuse its discretion in awarding attorney fees in this case, we affirm.

This attorney-fee dispute arises in connection with the State's charges that Williams carried a pistol into a public place without a permit, in violation of Minn.Stat. § 624.714, subd. 1a (2012), and drove after suspension of his license, in violation of Minn.Stat. § 171.24, subd. 1 (2012). The district court granted Williams's motion to suppress the gun, and on September 24, 2012, the State appealed the court's suppression order. The court of appeals reversed the order. *State v. Williams*, A12–1719, 2013 WL 1395643 (Minn.App. Apr. 8, 2013).

Williams filed a motion for attorney fees with the court of appeals, seeking $3,636 in fees for 30.3 hours of work on the State's

appeal. In his motion, Williams requested that his attorney receive $120 per hour for the work performed on the appeal. The State did not argue that either the amount of work defense counsel performed or the $120–per–hour rate sought was unreasonable. The State argued only that the court of appeals was required to apply the $50–per–hour rate set in a standing order the Chief Judge of the Fourth Judicial District entered on November 17, 2012, to that portion of the work defense counsel performed after the Chief Judge's order. The court of appeals granted the amount Williams requested. *State v. Williams*, No. A12–1719, Order at 2 (Minn.App. filed June 11, 2013). We granted the State's petition for further review.

On appeal, there is no dispute that Williams is entitled to attorney fees. But the State argues that the court of appeals erred when it granted Williams the entire amount he requested. The State relies on a statute enacted in 2012 that addresses attorney fees for criminal defendants when the State appeals a pretrial order. Act of April 23, 2012, ch. 212, § 17, 2012 Minn. Laws 367, 375–76 (codified at Minn.Stat. § 611.27, subd. 16 (2012)). The statute provides that in such appeals, "reasonable attorney fees and costs incurred shall be allowed to the defendant on the appeal which shall be paid by the governmental unit responsible for the prosecution involved in accordance with paragraph (b)." Minn.Stat. § 611.27, subd. 16(a).[1]

Paragraph (b) of subdivision 16 provides a process for the chief judge of each of the state's 10 judicial districts to set an hourly rate for attorney fees under the statute:

> By January 15, 2013, and every year thereafter, the chief judge of the judicial

---

1. Since their inception, the Minnesota Rules of Criminal Procedure have provided that "[r]easonable attorney fees and costs incurred must be allowed to the defendant" in a State's pretrial appeal in a criminal case. Minn. R.Crim. P. 28.04, subd. 2(6); *accord* Minn. R.Crim. P. 29.04, subd. 10(3).

district, after consultation with city and county attorneys, the chief public defender, and members of the private bar in the district, shall establish a reimbursement rate for attorney fees and costs associated with representation under paragraph (a). The compensation to be paid to an attorney for such service rendered to a defendant under this subdivision may not exceed $5,000, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the chief judge of the district as necessary to provide fair compensation for services of an unusual character or duration.

*Id.*, subd. 16(b).

The State relies on a standing order that the Chief Judge of the Fourth Judicial District, the district where the case against Williams was venued, issued on November 17, 2012. In this order, the Chief Judge established a reimbursement rate of $50 per hour for attorney fees in State's pretrial appeals, effective as to all services performed after November 17, 2012. Because Williams's attorney requested fees for 9.2 hours of work performed after November 17, the State contends that the court of appeals was required to apply the $50–per–hour rate to that work. In other words, the State argues that the court of appeals could not review the hourly rate the Chief Judge set.

For his part, Williams argues that we should affirm the court of appeals' attorney-fee award. Specifically, Williams argues that Minn.Stat. § 611.27 should not be interpreted to divest the appellate courts of authority to review orders that chief judges enter pursuant to that statute. Williams also contends that the court of appeals did not abuse its discretion in

granting his request for attorney fees by determining that $120 per hour was reasonable.

▮▮▮ The parties' arguments involving Minn.Stat. § 611.27, subd. 16, present an issue of statutory interpretation that is subject to de novo review. *In re Welfare of J.B.*, 782 N.W.2d 535, 539 (Minn.2010). But the question of whether the attorney-fee award itself was erroneous is reviewed for an abuse of discretion. *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 620 (Minn.2008) ("Generally, we review an award of attorney fees for an abuse of discretion.").

I.

▮▮▮ We turn first to the State's argument that the court of appeals cannot review the rates chief judges set under Minn.Stat. § 611.27. In effect, the State is arguing that Minn.Stat. § 611.27 divests the appellate courts of the authority to review the hourly rate a chief judge sets under subdivision 16 of that statute. We disagree that the statute divests the appellate courts of the authority to review the chief judge's order.

The Minnesota Constitution provides that our court has "appellate jurisdiction in all cases." Minn. Const. art. VI, § 2. The constitution similarly gives the court of appeals "appellate jurisdiction over all courts, except the supreme court, and other appellate jurisdiction as prescribed by law." *Id.* This constitutional grant of appellate power is a "grant of independent power to the judiciary free from encroachment by the governor or the legislature, except only as there or elsewhere limited by the constitution." *In re O'Rourke*, 300 Minn. 158, 165, 220 N.W.2d 811, 815 (1974).[2]

**2.** Our rules of procedure confirm that the

court of appeals has appellate jurisdiction in

The power the constitution grants to the appellate courts would be implicated if we were to adopt the interpretation of Minn. Stat. § 611.27 that the State advocates. Specifically, if we were to hold that section 611.27 divests the appellate courts of jurisdiction to review the hourly rates that chief judges of the district courts set, the Legislature would be limiting the appellate jurisdiction granted in the constitution. We have recognized, however, that "[a] constitutional grant of power to one of the three departments of government . . . is a denial to the others." *Bloom v. Am. Express Co.*, 222 Minn. 249, 256, 23 N.W.2d 570, 575 (1946) (citation omitted) (internal quotation marks omitted); *see also State ex rel. Decker v. Montague*, 195 Minn. 278, 288, 262 N.W. 684, 689 (1935) ("The constitutional separation of authority (Minn. Const. art. 3, § 1) forbids . . . interference with the exercise of the powers which that instrument places" in the other branches of government.).

We have also held that if we can interpret a statute to avoid a constitutional confrontation, we are to adopt such an interpretation. *Kline v. Berg Drywall, Inc.*, 685 N.W.2d 12, 23 (Minn.2004). Section 611.27 lends itself to an interpretation that avoids any constitutional confrontation.

 Under the plain language of the statute, the Legislature has given the chief judge of each judicial district the authority to set a rate for attorney fees for the State's pretrial criminal appeals. *See* Minn.Stat. § 611.27, subd. 16(b). The statute instructs the chief judge to set an attorney-fee rate that allows for reasonable attorney-fee awards, and it tells the judge with whom to consult before setting a rate. *Id.* The statute, however, says nothing about appellate review. *See id.* If a statute does not explicitly attempt to divest the court of appeals or this court of appellate jurisdiction or restrict the issues that we or the court of appeals may review on appeal, we will not presume an intent to do so in order to avoid confronting the constitutional question such a statute would raise. *See In re Giem*, 742 N.W.2d 422, 430 (Minn.2007) ("In the absence of a clear legislative statement that [a statute] operate[s] to divest the court of jurisdiction, which would require us to squarely confront and decide the separation of powers issue, we hold that the [statute does] not divest the district court of subject matter jurisdiction."); *see also* Minn.Stat. § 645.17 (2012) ("In ascertaining the intention of the legislature the courts may be guided by the . . . presumption[ ] [that] the legislature does not intend to violate the Constitution . . . of this state."). We therefore hold that Minnesota appellate courts may review the attorney-fee rate that chief judges set in accordance with Minn.Stat. § 611.27, subd. 16. Appellate review of rate determinations made under subdivision 16 is for an abuse of discretion. *See Milner*, 748 N.W.2d at 620.

 In order to make meaningful later appellate review, the chief judge should document both the process followed and

---

State's pretrial appeals. *See* Minn. R.Crim. P. 28.04, subd. 1(1) (permitting the State to appeal pretrial orders with critical impact on the case to the court of appeals). Our rules also confirm that appellate courts have jurisdiction to determine awards of attorney fees in criminal appeals. *See* Minn. R.Crim. P. 28.01, subd. 2 ("To the extent applicable, the Minnesota Rules of Civil Appellate Procedure govern appellate procedure unless these rules direct otherwise."); Minn. R. Civ.App. P. 139.06, subd. 1 (directing "a party seeking attorneys' fees on appeal" to file a motion for such fees with the appellate court). And it is undisputed that our court has jurisdiction to review court of appeals decisions in the State's pretrial appeals. Minn. R.Crim. P. 29.04, subd. 4 ("The Supreme Court may exercise discretionary review of *any* Court of Appeals' decision." (emphasis added)).

the analysis leading to the rate chosen. In other words, the chief judge should generate and preserve a contemporaneous record on how the chief judge arrived at the rate. *See Hoagland v. State,* 518 N.W.2d 531, 536 (Minn.1994) (finding that this court could not provide meaningful review of a conviction when no record of the trial was available); *cf. In re Livingood,* 594 N.W.2d 889, 895 (Minn.1999) ("Governmental bodies must take seriously their responsibility to develop and preserve a record that allows for meaningful review by appellate courts."). Minnesota Statutes § 611.27, subd. 16, specifically requires that the chief judge of each judicial district engage in a process of consultation before setting a particular attorney-fee rate. The record therefore should include information about the notice the chief judge provided to stakeholders in each district, information about the feedback various stakeholders provided, and insight into how the chief judge arrived at the final rate determination. Such a record should prove helpful to appellate courts in future cases as they review the hourly rates that chief judges have set under Minn.Stat. § 611.27, subd. 16.

## II.

■■■■ Having concluded that appellate courts have the authority to review the hourly rate that a chief judge has set, we now turn to whether the court of appeals abused its discretion when awarding Williams attorney fees in this case. *See Milner,* 748 N.W.2d at 620 (reviewing an award of attorney fees for an abuse of discretion). We will reverse for an abuse of discretion where we find "a 'clearly erroneous conclusion that is against logic and the facts on record.'" *Moylan v. Moylan,* 384

N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn. 1984)). It is a high threshold to show that a court abused its discretion. *See, e.g., In re Pamela Andreas Stisser Grantor Trust,* 818 N.W.2d 495, 510 (Minn.2012) (finding lower court did not abuse its discretion in awarding attorney fees because the court's decision was not based on an erroneous view of the law or lack of evidentiary support).

For a number of reasons, the State has failed to establish that the court of appeals' attorney-fee award is against logic and the facts in the record before the court. To begin with, the court of appeals did not have a sufficient record before it that allowed meaningful review of the $50 rate set by the Chief Judge. The record reflects only that the Chief Judge had "consulted with various city attorneys, county attorneys, the chief public defender of the Fourth Judicial District and members of the private bar." The court of appeals was unable to discern with whom specifically the Chief Judge consulted, what information those individuals or entities provided, or how the Chief Judge determined that the attorney-fee rate should be $50 per hour. In addition, Williams's counsel performed the majority of her work before November 17, the date the Chief Judge established the $50–per–hour rate. The State presented no argument or evidence to the court of appeals that the rate sought for the work performed before November 17—$120 per hour—was unreasonable. Finally, because the State filed this pretrial appeal 2 months before the Chief Judge set the hourly rate, the $50–per–hour rate had no bearing on the State's decision to appeal.[3]

---

**3.** Given the unique facts presented here, we do not decide in this case whether, as a general rule, the court of appeals has the authority

in light of Minn.Stat. § 611.27, subd. 16, to substitute its own reimbursement rate for a defendant's attorney fees in a State's pretrial

Based on our analysis of the unique facts here, we hold that the court of appeals did not abuse its discretion in awarding Williams a consistent hourly rate of $120 per hour for attorney fees and awarding him his full attorney-fee request.

Affirmed.

criminal appeal if an appellate court were to conclude that a chief judge either: (1) has set an unreasonable attorney-fee rate under the statute or (2) has not provided an adequate record to support the reasonableness of the rate that the chief judge has set under the statute.