*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0128**

State of Minnesota,
Appellant,

vs.

Cree Rae Larson,
Respondent.

**Filed July 14, 2014
Affirmed
Willis, Judge\***

Hennepin County District Court
File No. 27-CR-13-15890

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Zenaida Chico, Assistant City Attorney, Minneapolis, Minnesota (for appellant)

Melvin R. Welch, Appelman Law Firm, LLC, St. Louis Park, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Connolly, Judge; and Willis, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**WILLIS**, Judge

Appellant State of Minnesota argues that the district court erred by suppressing the results of respondent Cree Larson's blood test because "[t]he exclusionary rule does not apply based on the good-faith exception." We affirm.

**FACTS**

The parties do not appear to dispute the following facts: On March 15, 2013, Larson crashed her car into a stoplight pole, pinning her and her passenger in the car. Minneapolis police officers investigated the scene of the accident. Upon arrival, the officers found paramedics attending to Larson and her passenger. Emergency personnel extracted the two from the car and took them both by ambulance to the Hennepin County Medical Center. Larson admitted that she had been drinking but said that she was "fine."

A different officer was dispatched to the hospital for further investigation. She spoke there with the paramedics, who said that they saw the accident occur, Larson was the driver, and they believed that Larson was impaired. The officer eventually found Larson attended to by medical staff. The officer read the implied-consent advisory to the then-unconscious Larson[1]; Larson moaned but said nothing further. A nurse then complied with the officer's request to perform a blood draw. Larson's alcohol concentration was 0.16. The medical staff told the officer that the passenger was suffering from abdominal bleeding and needed surgery.

---

[1] The district court's findings are internally inconsistent as to whether the officer read Larson the implied-consent advisory, finding once that she did and once that she did not. The parties agree that the officer read the advisory to Larson.

In May 2013, the state charged Larson with criminal vehicular operation causing injury to another, in violation of Minn. Stat. § 609.21, subd. 1(2)(i) (2012); criminal vehicular operation causing injury to another, in violation of Minn. Stat. § 609.21, subd. 1(4) (2012); fourth-degree DWI, in violation of Minn. Stat. § 169A.20, subd. 1(5) (2012); fourth-degree DWI, in violation of Minn. Stat. § 169A.20, subd. 1(1) (2012); and driving after suspension, in violation of Minn. Stat. § 171.24, subd. 1 (2012). In January 2014, the district court suppressed the blood-test results.

This appeal follows.

## D E C I S I O N

The state may appeal "pretrial orders with critical impact on the case." *State v. Williams*, 842 N.W.2d 308, 311 n.2 (Minn. 2014) (citing Minn. R. Crim. P. 28.04, subd. 1(1)). To satisfy the critical-impact test, the state must show "clearly and unequivocally (1) that the district court's ruling was erroneous and (2) that the ruling will have a 'critical impact' on the State's ability to prosecute the case." *State v. Zais*, 805 N.W.2d 32, 36 (Minn. 2011) (quotation omitted).

The state argues that the district court's order suppressing the results of the blood test had a critical impact on the case. We agree.

Critical impact exists when "excluding the evidence significantly reduces the likelihood of a successful prosecution" and "[i]t is enough if the exclusion affects the State's ability to prosecute a specific charge." *Id.* (quotations omitted). Suppression of the blood-test results will have a critical impact because some of the charges require proof of alcohol concentration of 0.08 or greater, and the blood-test results cannot be

3

duplicated by other evidence. *See State v. Underdahl*, 767 N.W.2d 677, 683–84 (Minn. 2009) (holding that exclusion of breath-test results critically impacted prosecution's case).

The state's sole argument is that the district court clearly and unequivocally erred in suppressing the blood-test results rather than applying the good-faith exception to the exclusionary rule. We disagree.

"When facts are not in dispute . . . [appellate courts] review a pretrial order on a motion to suppress de novo and determine whether the police articulated an adequate basis for the search or seizure at issue." *State v. Williams*, 794 N.W.2d 867, 871 (Minn. 2011) (quotation omitted). The United States and Minnesota Constitutions prohibit warrantless searches and seizures, subject to limited exceptions. U.S. Const. amend. IV; Minn. Const. art I, § 10; *see generally Bailey v. United States*, 133 S. Ct. 1031, 1037 (2013) (noting that "[t]he Fourth Amendment[ is] applicable through the Fourteenth Amendment to the States"). Taking a blood sample is a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S. Ct. 1402, 1413 (1989).

The state argues that "the Minnesota Supreme Court has never held that the exception is *not* applicable in Minnesota, but only declined to analyze the issue in particular cases." The state is incorrect. The Minnesota Supreme Court "ha[s] consistently declined to adopt, much less even address," a good-faith exception to the exclusionary rule. *State v. Jackson*, 742 N.W.2d 163, 180 n.10 (Minn. 2007); *see also State v. Brooks*, 838 N.W.2d 563, 575 (Minn. 2013) (Stras, J., concurring) ("Although this court has yet to adopt the good-faith exception, this is an appropriate case for us to do

4

so." (citation omitted)), *cert. denied*, 134 S. Ct. 1799 (2014). We decline to adopt and apply the good-faith exception because "[i]t is not the province of this court to adopt a good-faith exception to the exclusionary rule when the state supreme court has not done so." *Minn. State Patrol Troopers Ass'n ex rel. Pince v. State*, 437 N.W.2d 670, 672 (Minn. App. 1989), *review denied* (Minn. May 24, 1989).

**Affirmed.**